THE PEOPLE *against* ROSE BUTLER.

THE prisoner was brought up on *habeas corpus.* She was indicted at the court of *Oyer and Terminer,* held in the city of *New-York,* in *November* last, for *arson,* under the first section of the act declaring the punishment of certain crimes, (36 sess. ch. 29. 1 *N. R. L.* 407.) which declares, among other things, that any person who shall be duly convicted of " wilfully burning any *inhabited* dwelling house, shall suffer death," &c.

*Setting fire to a dwelling house, inhabited at the time, by which only a part of it is consumed, is arson within the first section of the act, (1 N. R. L. 407. 36 sess. ch. 29.) and punishable with death.*

It appeared, at the trial, that the house alleged to be burnt by the prisoner, was not entirely consumed or burnt. The fire and combustible materials had been placed by the prisoner on the kitchen stairs, in consequence of which, two or three of the stairs were, in part, consumed. The family, consisting of several persons, were asleep at the time, in the upper part of the house, and being alarmed by the noise of the fire, awoke, and finally extinguished it, but the other parts of the house did not take fire. The jury found the prisoner guilty; but some doubt being entertained by the court below, whether the facts proved amounted to *arson,* within the meaning of the act, the record of conviction was removed into this court, for its judgment thereon. The prisoner being placed at the bar, *Van Wyck,* Attorney of the District, moved for judgment. He cited, 1 *Hale P. C.* 568. 2 *East C. L.* 1020. 1 *Hawk. P. C.* 106. ch. 39. s. 4. 4 *Bl. Com.* 222. 1 *Jacob's Law Dict.* 132. 1 *N. R. L.* 407.

*D. Graham,* contra, contended, 1. That the word " *inhabited,*" first introduced into the act of the 8th of *April,* 1808, (31 sess. ch. 155.) and re-enacted in the revised law of 1813, was intended to signify, not merely that the *dwelling house* must be inhabited at the time of the burning, but that some personal injury should be caused by the burning. Before 1808, the crime of wilfully burning any dwelling house or barn, was punished by imprisonment for life. In 1808,

NEW-YORK,
May, 1819.

THE PEOPLE
v.
ROSE BUTLER.

wilfully burning an *inhabited* dwelling was made punishable with death; and the offence of wilfully burning any dwelling house, uninhabited, or any house of public worship, or other public building, or any barn or grist mill, was made punishable by imprisonment in the state prison, for a period not exceeding 14 years. (sect. 1 and 5.)

2. That the fact of two or three of the stairs being partially consumed, was not sufficient to constitute the crime of wilfully *burning*. By the old common law, in the days of law Latin, the words *incendit et combussit* meant the burning up or *consuming* of the building; and, at the present day, the *burning* of a house or building means something more than merely setting fire to it.

*Per Curiam.* It is well settled, that to constitue the crime of *arson,* it is not necessary that the house should be absolutely consumed or burned. It is enough if the fire is applied with a malicious intent, so as to take effect, though only a part is consumed. By the addition of the word *inhabited* in the first section of the act, the legislature evidently intended to make a distinction between the act of burning a dwelling house while persons were actually in it, at the time, and burning an uninhabited dwelling house; the one offence being punishable with death, and the other by imprisonment. (sect. 5.) The facts in this case, show the malicious and criminal intent of the prisoner, as much as if the whole house had been consumed; and we are clearly of opinion, that she has been guilty of the offence described in the first section of the act.

The court, accordingly, pronounced sentence of death against the prisoner.