## COMMONWEALTH vs. CHARLES H. TUCKER.

An indictment upon the Gen. Sts. c. 161, § 1, which provide for the punishment of any one who sets fire to a building by the burning whereof a dwelling-house is burned, alleging that the defendant set fire to a barn, by the burning of which a dwelling-house was " burned and consumed," is supported by proof that some portion of the house was actually on fire, so that the substance of the wood of such portion was actually burned, although said portion was not consumed, and the substance and fibre of said wood was not actually destroyed.

INDICTMENT alleging that the defendant set fire to the barn of William H. Codding, and by the kindling of said fire and the burning of said barn, the dwelling-house of Codding was " burned and consumed." At the trial in the Superior Court, before *Brigham*, C. J., the evidence tended to show that the barn was burned entirely ; that the shingles on the roof of the dwelling-house took fire and were burned in two places ; and that persons were on the roof keeping it wet with water ; but as to how much the shingles were burned there was a conflict of testimony.

The defendant asked the judge to instruct the jury "that they must be satisfied that some portion of the dwelling-house had been actually on fire by reason of the burning of the barn, and

had been burned and consumed thereby; and that the substance and fibre of the wood of such portion so on fire was actually destroyed." But the judge refused so to instruct the jury, and instructed them "that they must be satisfied that some portion of the dwelling-house had been actually on fire by reason of the burning of the barn, and had been burned thereby, so that the substance of the wood of such portion so on fire was actually burned." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*S. R. Townsend*, for the defendant, cited *Commonwealth* v. *Betton*, 5 Cush. 427; *Commonwealth* v. *Van Schaack*, 16 Mass. 105.

*C. R. Train*, Attorney General, for the Commonwealth. The indictment is upon the Gen. Sts. c. 161, § 1, which provide that " whoever wilfully and maliciously burns the dwelling-house of another," or " wilfully and maliciously sets fire to any building, by the burning whereof such dwelling-house is burnt," shall be punished. The instructions were correct. *Commonwealth* v. *Van Schaack*, 16 Mass. 105. *Commonwealth* v. *Betton*, 5 Cush. 427. *Regina* v. *Parker*, 9 C. & P. 45. *Regina* v. *Russell*, C. & Marsh. 541. 2 East P. C. 1020. 1 Hale P. C. 568. Roscoe Crim. Ev. (8th ed.) 281.

WELLS, J. The instructions given to the jury were correct, and in accordance with the authorities; as well those cited for the defendant as those for the Commonwealth. They required the jury to find that some portion of the dwelling-house had been actually on fire and burned. To have required them to find something more, by use of the terms " consumed " and " destroyed," as prayed for, would have been to go beyond the provisions of the statutes, and to leave the jury with no precise definition of that which was necessary to constitute the offence.

*Exceptions overruled.*