The State of Iowa v. Charles Spiegel, Appellant.

Construction of Indictment: Code, section 4780, provides that if any person willfully and maliciously burn, either in the day or night time, the building of another, he shall be imprisoned, and section 4781 declares that, if any person set fire to any building with intent to cause such building to be burned, he shall be imprisoned. *Held*, an indictment which charged defendant with wilfully, feloniously, and maliciously setting fire and burning a certain store building then and there occupied as store, clearly charged the offense specified in section 4780, and was not open to the objection that it was impossible to determine under which of said two sections the crime was charged.

Cross-examination: *Timely objection.* Where, on cross-examination, it was developed that the answers of the witness on direct examination were based on hearsay, for which reason they were struck out on motion of defendant, defendant not having objected to the introduction of such testimony as hearsay during the direct examination, or requested that he be allowed to inquire into the nature of defendant's knowledge before such testimony was given, no error can be based on the failure of the trial court to exclude such testimony in the first instance.

Burning of Building: attempts to burn: *Instructions.* Where defendant was charged with burning a building, an instruction that if the jury find that the building was in some appreciable degree burned or consumed, or that the fire was communicated to the woodwork or other inflammable materials of which it was constructed, so that the same were in some measure destroyed, and the building would probably have been wholly destroyed if such flames had not been extinguished, it would be sufficient to support the crime charged, was not prejudicial to defendant as destroying the distinction between the offense charged and the setting fire to a building with an intent to burn it.

Evidence of Arson. Evidence which tended to show that flames charred and injured some of the window frames, casings and doors of a building, so that they had to be repaired, and in some instances wholly replaced, was sufficient to support an indictment for arson.

**Extradition:** INFORMATION AND INDICTMENT: *Variance.* Where defendant was extradited from Canada for setting fire to and burning a certain brick "house," occupied and inhabited as a retail shoe store, and was indicted for setting fire to and burning a certain store "building" then and there occupied as a store, the objection that the crimes charged in the information and in the indictment were not the same was without merit.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

TUESDAY, OCTOBER 2, 1900.

DEFENDANT was duly charged with, and convicted of, the crime of arson, and from such judgment appeals.—*Affirmed.*

*Charles L. Powell* and *McHenry & McHenry* for appellant.

*Milton Remley,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

WATERMAN, J.—It is first contended by appellant that the indictment is insufficient because it is impossible to determine from its terms whether it charges a crime under section 4780 or under section 4781 of the Code. The first of these sections imposes a penalty for the burning of a building, and the other for setting fire to a building with the intent to cause the same to be burned. The indictment, omitting its formal parts, is as follows: "The said Charles A. Spiegel, on the 21st day of February, A. D. 1899, in the county of Polk aforesaid, and state of Iowa, in the nighttime of said day, did willfully, feloniously, and maliciously set fire to and burn a certain store building then and there situated in Polk county, Iowa, then and there occupied by the Hub Shoe Company and by I. W. Cramer as a store building, and then and there owned by one C. H.

Martin, with a willful, malicious, and felonious intent then
and there on the part of him, the said Charles A. Spiegel,
the defendant, to cause the store building aforesaid to be
then and there burned and consumed." This indictment con-
tains some matter which is surplusage. It charges in clear
and direct terms the burning of the building, and then adds,
what is needless, a charge of intent to accomplish what was
done. It seems to us obvious that the indictment charges
an offense under section 4780. It was for this offense that
defendant was tried, and of which he was convicted. He has
no just ground of complaint as to the manner in which the
charge was made. See *State v. Hull,* 83 Iowa, 112.

II. On direct examination a witness for the state was
asked if he "ever found out whether there was such a firm
as Herman & Co., of Hoboken, New Jersey?" To this he
answered, "Yes." In response to another question,
he said there was no such firm. On cross-examination
it developed that the witness' only knowledge of the
matter rested on hearsay, and on defendant's motion the
evidence on this point was excluded by striking it out. It
is insisted that the court should not have permitted the
witness to answer in the first instance, without a closer in-
vestigation as to his means of knowledge, inasmuch as the
questions were objected to by defendant. We may preface
what we have to say on this point with the statement that
the objections interposed by defendant were not rested upon
the ground that the evidence called for was hearsay. The
witness was cautioned by the court to answer only from
his own knowledge. Apparently he was doing so. We do
not see what more the trial court could have done under the
circumstances. Doubtless defendant, had he requested it,
would have been permitted to inquire as to the knowledge of
the witness before the answers were taken on direct exam-
ination, but counsel did not ask to do this.

III. By exceptions to instructions given and by re-
quests to charge, the point is sought to be made that the evi-

dence does not show this building to have been burned. The court instructed the jury to find that the building was burned if it was "in some appreciable degree burned or consumed. * * * The burning is sufficient as an element in said crime, if it shall appear that the woodwork or inflammable parts of the said building were by the fire to some extent consumed. In other words, if fire was communicated to the woodwork or other inflammable materials of which said building was constructed or composed to such an extent as that the same were in some measure destroyed, the fire being shown to have been so communicated as that, unless put out, the said building would probably have been, as to the inflammable parts thereof, wholly destroyed, then the proof made will be sufficient to support the charge made in the indictment. If, therefore, you find from the evidence before you that the fire which was discovered in the building had so far progressed as that the woodwork or inflammable material in the room in question was found to be on fire, and that such woodwork was in some degree charred or destroyed by such fire, and that such fire, unless put out, would have gone on to a probable destruction of said building, then you will be justified in finding in the affirmative of the first proposition submitted to you," viz. "that the building was in some appreciable degree consumed." The use of the phrase, that the fire would probably have consumed the building if not extinguished, is severely criticised as destroying any distinction between the offense charged and that of setting fire to a building with intent to burn it. But it is clear that the court gives this as but a part of the definition or description of the offense. In order to make out the crime charged, the jury are told they must find that the building was in fact burned to some extent. The phrase mentioned was surely not prejudicial to defendant, for it required the jury to find more than was essential in order to convict. The

evidence tended to show that the flames charred and injured some of the window frames, casings, and doors, so that they had to be repaired, and in some instances wholly replaced. This amounted to a burning of the building. *People v. Haggarty,* 46 Cal. 354; *People v. Simpson,* 50 Cal. 304; *Com. v. Schaack,* 16 Mass. 105; *Com. v. Tucker,* 110 Mass. 403; *People v. Butler,* 16 Johns. 203; *State v. Taylor,* 45 Me. 322; *State v. Hall,* 93 N. C. 571. The rule of these cases is that if there is actual ignition, and the fiber of the wood or other combustible material is charred, and thus destroyed, even in small part, the burning is complete. The instructions were correct in this respect, and fully covered the case.

V.   Defendant was arrested in the dominion of Canada, and brought therefrom to the place of trial, on process issued under the extradition treaty with Great Britain. At the beginning of the trial defendant withdrew his plea of not guilty, and filed a motion asking a discharge on the ground that the indictment charged an offense different from that upon which extradition was had. The overruling of this motion is made a ground of complaint. One argument presented is that, under the treaty between Great Britain and this country, a person could not be extradited for a statutory burning, but only for the common-law crime of arson, which is the burning of the inhabited dwelling house of another. We are not concerned specially with this question, for defendant was in fact surrendered to the authorities of this state. It only remains to be seen whether the charge then made was the same as that set out in the indictment upon which he was tried. The information which was the foundation of the extradition proceedings charged that defendant "did willfully and feloniously set fire to, burn, and consume a certain two-story brick house then and there situated, being the property of Charles H. Martin, and at the said time occupied and inhabited by the Hub

Shoe Company for carrying on a retail shoe business, and by Charles A. Spiegel for carrying on the business of making and selling fur goods, and by I. W. Cramer as a photograph gallery * * *" The only distinction between the information and the indictment is that in the former the building is called a "house," and is averred to have been inhabited. "House" and "building" are synonymous terms. It will be noticed that it is not charged as being a dwelling house, and, while it is alleged to have been inhabited, what follows this word in the information shows that no more was meant than that the building was possessed and used; for it is charged that those who thus "inhabited" it did so for business purposes. The. information and indictment charge the same act.—AFFIRMED.

GRANGER, C. J., not sitting.