# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1900.

## Benbow v. The State.

### Indictment for Arson.

1. *Arson; defendant can be convicted of attempt to commit arson.*
   Under an indictment for arson, a defendant can be convicted
   of an attempt to commit arson.
2. *Same; same; verdict and judgment.*—Under an indictment
   which charges that the defendant did "willfully set fire to
   or burn a dwelling house," a verdict which finds the defend-
   ant guilty of an attempt to commit arson, will be referred
   to the indictment, and be held as finding the defendant
   guilty of an attempt to commit arson in the first or second
   degree; and such verdict is not subject to the objection of
   indefiniteness, in that it does not find expressly whether
   the attempt was to commit the offense in the first or second
   degree.
3. *Charge to the jury.*—On a trial under an indictment for arson,
   where the evidence shows that the fire was extinguished be-
   fore great harm was done, if, at the request of the defend-
   ant, the court instructs the jury that the "terms 'set fire
   to' and 'burn' as used in the indictment are synonymous,
   and either term means that the house or some part thereof
   must be consumed by fire," it is not error for the court to
   further instruct the jury that "If the surface of any plank
   or part of the lattice work of said house was charred by
   the flames, this is a destruction or consumption of a part of
   said house within the meaning of the law."
4. *Criminal law; capactiy to commit crime; charge in reference
   thereto.*—In a criminal prosecution, where it is shown that
   the defendant was between twelve and fourteen years of age,
   a charge which instructs the jury "that the law presumes
   a person between the ages of 7 and 14 years incapable of

committing crime, and the evidence to overcome this presumption must be strong and clear beyond doubt and contradiction," is erroneous; it not being necessary to prove any issue for the State in a criminal trial, beyond doubt and contradiction:

5. *Same; motion for new trial.*—The action of trial courts upon motions for new trials in criminal cases is not revisable.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant in this case was tried under an indictment which charged that she "willfully set fire to or burned a dwelling house of Pat Gibbons, in which there was at the time a human being," etc. The defendant was convicted of an attempt to commit arson, and sentenced to the penitentiary for two years.

On the trial of the case, the evidence for the State showed that the house occupied as a dwelling by Pat Gibbons and his wife was set fire to by oil being poured on the lattice-work attached to the front porch, which was ignited.

A police officer of the city of Montgomery testified that he arrested the defendant, and without any threats or promises made by him the defendant confessed that she set fire to said house. The captain of the police force also testified to the confession.

There was evidence for the defendant showing that at the time of the trial she was between 12 and 14 years of age. There was also evidence for the defendant tending to show that at the time the fire in question was discovered, she was several blocks away from the house of Pat Gibbons playing with some other children. The defendant testified that she made the statements testified to by the police officer under the influence of fear.

The evidence showed that the lattice-work which was set fire to was made of wooden strips and was under the front porch of the dwelling house and attached to it. There was some conflict in the evidence as to how far the burning had progressed before it was put out, some of it tending to show a substantial charring of the pieces of lattice-work, while some of the evidence tended to show that only the kerosene oil was burned, leaving the wood uninjured.

The bill of exceptions contains the following recital as to the court's charge in reference to the law relating to the attempt to commit arson: "After the court had delivered its general charge to the jury, the defendant requested him to charge the jury upon the law of an attempt to commit arson. In complying with this request the court charged the jury that an attempt to commit arson was a misdemeanor and was punishable as other common law misdemeanors. The defendant did not except to this charge, nor did the solicitor make any objections, though present. The court then charged the jury that in the event they found defendant guilty of an attempt to commit arson, the question of punishment must be decided. That if they thought the proper punishment was a fine, they should assess one not to exceed $500, and if they thought the proper punishment hard labor they must return a verdict in this form: 'We, the jury, find the defendant guilty of an attempt to commit arson,' and leave the punishment to the court. The defendant did not except to this charge nor did the solicitor object to it, though present."

At the request of the defendant, the court gave to the jury the following written charge: "The terms 'set fire to' and 'burn' as used in the indictment in this case are synonymous, and either term means that the house or some part thereof must be consumed by fire." After having given this charge, the court, at the request of the solicitor for the State, gave the following written charge to the jury: "But if the surface of any plank or part of the lattice-work of said house was charred by the flames, this is a destruction or consumption of a part of said house within the meaning of the law." To the giving of this charge the defendant duly excepted, and also excepted to the refusal of the court to give to the jury the following written charge: "I charge you, gentlemen of the jury, that the law presumes a person between the ages of 7 and 14 years incapable of committing crime, and evidence to overcome this presumption must be strong and clear beyond doubt and contradiction."

The verdict of the jury upon which the sentence of the court was pronounced is copied in the opinion.

Before the sentence of the court was passed the defendant made a motion for a new trial, which motion was overruled. To this ruling the defendant duly excepted.

Jos. Calloway, for appellant, cited *Dover v. State,* 75 Ala. 40; *Story v. State,* 71 Ala. 329.

Chas. G. Brown, Attorney General, for the State, cited *Gorman v. State,* 40 Ala. 6; 2 Bishop's New Criminal Law, 6, p. 3, § 10; 1 McCain's Criminal Law, 513, § 532.

McClellan, C. J.—Setting fire to or burning a dwelling house is arson in the first degree, if the house is inhabited, and in the second degree, if it is not inhabited; and is always a felony.—Code, §§ 4336, 4337. Such burning can never, of course, be arson in the third degree, which is a misdemeanor.—Code, § 4340. An indictment charging the burning of a dwelling house, charges also an attempt to burn a dwelling house, for an accomplished burning necessarily includes every element of an abortive attempt—the major offense charged embraces all minor offenses which would be necessarily committed in consummating the major crime—and hence under an indictment for arson of a dwelling house there may be a conviction of an attempt to commit arson of a dwelling house; but, as such indictment does not embrace arson in the third degree, it equally cannot embrace an attempt to commit arson in the third degree; and upon it no conviction could be had either for a consummated burning or an attempt under section 4340 of the Code.—*James v. State,* 104 Ala. 20; *Stone v. State,* 115 Ala. 121; *Lynch v. State,* 89 Ala. 18; *State v. McFarland,* 121 Ala. 45; *Gilmore v. State,* 99 Ala. 154.

The indictment in this case charges that the defendant set fire to or burned a dwelling house. There was evidence tending to show that the defendant attempted to burn the dwelling house by igniting kerosene which she had poured on lattice work of a porch of the dwelling house, but that the flame was discovered and extin-

guished before any part of the house was burned; and
on this phase of the evidence the jury returned the
following verdict: "We, the jury, find the defendant
guilty of an attempt to commit arson;" and upon this
verdict there was judgment of felonious attempt to com-
mit arson under section 4338 of the Code, and sentence
to the penitentiary for two years. That section pro-
vides: "An attempt to commit arson, in either the first
or second degree, is a felony punishable, on conviction,
by imprisonment in the penitentiary for not less than
two, nor more than five years." As the indictment in-
volved no charge of an attempt, except, as we have seen,
an attempt to commit arson in either the first or second
degree, this verdict, when referred, as of course it
must be, to the indictment, must be held to be a finding
of guilt of an attempt to commit arson in the first or
second degree, the felonious attempt denounced by sec-
tion 4338; and there is no room for the contention of
counsel that the verdict was bad for indefiniteness in
that it did not find expressly that the attempt was to
commit the offense in its first or second degree.

The charges given by the court to the effect that any
attempt to commit arson is a misdemeanor were too
favorable to the defendant. Besides no exception to
them were reserved by her. She can take nothing on
account of them.

The charring of wood by fire is the burning of it
within the meaning of the statutes defining arson as
charged by the court at the request of the solicitor.

No issue in a criminal trial need be proved "beyond
doubt or contradiction" for the State. The second charge
requested by defendant was, therefore, properly re-
fused.

The action of trial courts upon motions for new trials
in criminal cases is not revisable.

Affirmed.