WILLIAM E. MASON v. STATE.

1. ACTUAL OCCUPANCY OF DWELLING HOUSE AT THE TIME A MATERIAL ELEMENT OF CRIME OF BREAKING AND ENTERING AN INHABITED DWELLING.

A dwelling house which is temporarily unoccupied by reason of the extended absence of the owners from the country and the temporary absence on business of the servants left in charge is not an inhabited dwelling house within the purview of Lan. R. L. 10441 (R. S. 6835) which defines the crime of burglary.

2. FAILURE TO STATE EFFECT OF RECOMMENDATION FOR MERCY, NOT PREJUDICIAL ERROR, WHEN NO REQUEST THEREFOR MADE.

It is the duty of the court, in the trial of an indictment for breaking and entering an inhabited dwelling house in the night season, with intent to commit a felony, to instruct the jury as to the effect of a recommendation of mercy; but failure so to do is not prejudicial error when no request is made for such instruction.

ERROR to Hamilton common pleas court.

Mason v. State.

**P. S. Phillips** and **Wm. Sander, Jr.,** for plaintiff in error.

**H. M. Rulison,** prosecuting attorney and **Arthur Minning,** assistant prosecuting attorney, for defendant in error.

GIFFEN, J.

The plaintiffs in error were indicted and convicted for the burglary of an inhabited dwelling house, and now complain that the court of common pleas erred in its charge to the jury by stating, in substance, that a dwelling house, although not at the time of the burglary occupied by any human being, was nevertheless an inhabited dwelling house within the meaning of the statute.

That the court erred in charging the jury that they might recommend mercy without also stating the effect of such recommendation.

Laning R. L. 10441 (R. S. 6835), under which the prisoners were indicted, provides as follows:

"Whoever in the night season maliciously and forcibly breaks and enters any inhabited dwelling house with intent to commit a felony, or with intent to steal property of any value, shall be imprisoned in the penitentiary during life; but upon recommendation of mercy by the jury shall be imprisoned not more than thirty years nor less than ten years."

The object and purpose of imposing a penalty so severe as imprisonment for life manifestly is for the peace, repose and safety of families in the night season, who are occupying a dwelling house, the forcible breaking of which for felonious purposes during the hours which peaceable and law-abiding people give up to rest, would naturally cause alarm, distress and danger.

At the time of the forcible breaking of the dwelling house in this case, it was occupied by no human being, the owner and his family being absent in Europe, and the two servants left in charge being temporarily away on an errand.

The alarm and danger of the occupants of the dwelling house could not occur for the reason that none was there; but it is suggested that it is the possibility of the dwelling house being occupied at the time or of the occupants' returning before the burglar had escaped, which the statute contemplates. But it is a well-recognized rule of law that penal statutes are strictly construed. By a liberal construction, a dwelling house may be deemed to be inhabited when one or more human beings are living in it continuously during the night season as well as the day, although the occupants may be absent for a few hours during any particular day, but a strict construction requires us to have regard to the

mischief intended to be remedied. The legislature evidently intended to protect those dwelling in the house at the time the burglary is committed, and not those who might be there by reason of its being their usual place of abode.

This construction of the word ''inhabited'' was applied in the case of *People* v. *Butler*, 16 Johns. 203, where the court say:

''By the addition of the word *inhabited* in the first section of the act, the legislature evidently intended to make a distinction between the act of burning a dwelling house while persons were actually in it, at the time, and burning an uninhabited dwelling house; the one offense being punishable with death, and the other by imprisonment.''

In that case, the extreme penalty for the burning of an inhabited dwelling house was imposed, not because of the loss of the building or of the furniture and other contents, but because of the danger to the persons actually in it. So in this case, imprisonment for life is imposed, not because of the breaking of the building or the loss of any of its contents, but rather to protect those who are at the time occupying the premises. It is true that afterwards the legislature of the state of New York amended this statute so as to read: ''The dwelling house of another in which there is at the time a human being,'' but this seems to have been done for the purpose of making certain, by statute, that which before was uncertain and determined only by judicial construction.

We are of opinion, therefore, that the court erred in its charge to the jury.

Concerning the other alleged error, it is the duty of the court to instruct the jury upon all the questions of law arising before them in the case, but a failure to instruct upon any particular point does not constitute prejudicial error unless the court is requested to so charge. While we think that the jury could not intelligently recommend the prisoners to mercy without knowing the effect of such recommendation, and that it is the duty of the court to so instruct, yet there being no request in this case, it was not error for which the judgment could be reversed.

Judgment reversed, and cause remanded for new trial.

**Jelke** and **Swing, JJ.,** concur.