## Kehoe v. Commonwealth.

(Decided September 20, 1912.)

### Appeal from Muhlenberg Circuit Court.

1. Arson—Intoxication of Accused—Instructions.—To constitute the offense of which appellant was convicted, the act of burning must, in the language of the statute, have been "wilfully" committed, i. e. with a felonious intent. Hence as there was considerable evidence tending to show that he was greatly intoxicated at the time, the failure of the court to instruct the jury upon appellant's defense of intoxication, as bearing upon the question of motive and mental capacity, was reversible error.

2. Arson—Accused May Show State of Drunkenness—Intent.—Involuntary drunkenness, or temporary insanity occasioned by the act of the defendant in getting drunk, constitutes no defense for the commission of crime, but in cases where the intent or purpose of the party is a necessary element to constitute the offense, the accused may show he was too drunk to have any intent at the time he committed the act.

3. Arson—Offense Complete by Burning, However Slight.—Appellant's further defense that the act committed by him was

not a complete offense, but merely an attempt to burn, found no support from the evidence. Such an offense is complete by the burning, however slight, of any part of the building; and the house is burned when it is charred, that is, when any of the wood is reduced to coal and its identity changed. There need be no blaze and it is immaterial how soon the fire be extinguished, or whether it had to be put out or went out of itself.

MILTON CLARK for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant was convicted in the court below under an indictment charging him with the crime of wilfully and feloniously setting fire to and burning a public prison at Central City, and by sentence and judgment of the court, his punishment was fixed at confinement in the penitentiary at from seven to twenty-one years. He complains of the judgment and asks for its reversal upon the grounds—

First—That the evidence did not authorize his conviction.

Second—That the jury were improperly instructed in that the trial court did not give them all the law of the case.

Third—Because of the misconduct of the county attorney in his argument to the jury.

The first contention rests upon the theory that, as the prison to which appellant set fire was not consumed or materially injured, he was only guilty of an attempt to burn the building which, under section 1172, Kentucky Statutes, subjected him upon conviction, to punishment by confinement in the penitentiary not less than three months nor more than six years, whereas the indictment was found and conviction had under section 1168, Kentucky Statutes, which provides:

"If any person shall wilfully burn any courthouse, county or public prison, or the office of any clerk of a court, or the capitol of the Commonwealth, or any office therein, or upon the capitol or public grounds, or any surveyor's office or other public office within this State, or the office or depot of any railroad or canal, gas, electric light, telephone or telegraph company, he shall be

confined in the penitentiary not less than seven nor more than twenty-one years.''

It appears from the evidence that appellant was arrested in Central City upon the charge of drunkenness and incarcerated in the public prison to await his trial, and that early in the night following his arrest, he threatened, in the hearing of other inmates of the prison, to burn it up, at the time striking matches and saying to them:

''If you fellows will keep quiet I will get us' all out of here, or we will go to hell together.''

He succeeded in starting a fire by igniting a mattress in his cell and pushing it through the bars thereof to where it would communicate the fire to the walls of the jail, which were constructed of wood. When the fire started, the other prisoners in the jail began to call for help and, upon the arrival of the jailer, he turned them and appellant out, and later succeeded in extinguishing the fire before it had done much damage to the jail. As appellant ran out of the jail, when his cell was unlocked, he told the jailer that ''he was going to burn the damn thing up,'' and immediately made his escape by getting upon a coal train, upon which he traveled to Rockport, from which he went to McHenry, and there remained until rearrested and carried back to Muhlenberg County for trial under the indictment in this case.

In order to constitute the crime for which he was indicted and convicted, it was not necessary that the firing of the prison by appellant should have consumed the building or materially injured it. It is manifest from the evidence that the wall of the building to which the fire was communicated by the mattress appellant ignited, was at least charred, and, to some extent, injured by the fire which he thus started, and this constituted a burning of the building in the meaning of the language of section 1168, supra.

In Roberson's Criminal Law, section 367, it is said:

''The offense is complete by the burning, however slight, of any part of the house; and the house is burned when it is charred; that is, when any of the wood is reduced to coal, and its identity changed, but not if it was merely scorched or smoked. There need be no blaze, and it is immaterial how soon the fire be extinguished or whether it had to be put out or went out of itself.''

(Bishop's New Criminal Law, sections 10 and 16,

3 Cyc., 985; 5 Ency. Law and Practice, 574; Luke v. State, 20 A. R., 269.)

In Smith v. State, 59 Am. Rep., 773, a case in which the facts were very similar to those of the case at bar, it is said:

"Under our statute, arson is the wilful burning of any house, and a house is any building, edifice or structure enclosed by walls and covered, whatever may be the material used in the building. The burning is complete when the fire is actually communicated to the house, though it may never be destroyed or seriously injured; but it is of no consequence by what means the fire is communicated to the house if the burning is designed."

It is patent from the foregoing authorities that there is no merit in appellant's contention that his act of setting fire to the Central City jail was not a burning of the building in the meaning of section 1168 of the statutes.

There is, however, merit in his second contention that the jury were not properly instructed as to the law of the case. This contention is based upon the failure of the court to instruct the jury that they had the right in arriving at a verdict to consider the intoxicated condition of appellant, in connection with all other evidence in the case, if he was intoxicated, in determining what his motive was in setting fire to the jail and whether it was designedly done, for the requirement of the statute is that in order to constitute the offense the burning must have been "wilfully" done; that is, with a felonious intent.

According to appellant's testimony, that of the policeman by whom he was arrested and Dillard Wells, he was very drunk at the time of his arrest and incarceration in jail; also, according to the testimony of appellant and Wells, there was a bottle of whisky furnished him after he was placed in jail, of which he drank a considerable quantity before the fire started. He further testifies that he was unable to remember anything he did or said after drinking the whiskey in jail until he found himself at Rockport later that night. This evidence tended to show that his condition of mind, from intoxication, was such that he was without mental capacity to form or entertain a felonious intent. It is true that his threat to do the burning, and his declaration upon leaving the jail as to his purpose in start-

ing the fire, together with what was said of his condition by the policeman and others, might have satisfied the jury that he was capable of forming and entertaining a felonious intent, and that his act of setting fire to the building was but the execution of such intent; nevertheless, there was abundant evidence to authorize the instruction in question and we must hold that the failure of the trial court to give it was prejudicial error.

In Williams v. Commonwealth, 113 Ky., 654, the defendant was indicted for false swearing, his only defense being that at the time he gave the alleged false testimony he was full of cocaine and whiskey and so drunk as not to know what occurred; and there was testimony conducing to establish this defense. The judgment was reversed because of the failure of the trial court to instruct the jury that, if at the time the defendant gave the testimony referred to, he was intoxicated from the use of cocaine and whiskey to such an extent as to incapacitate him to understand the testimony he gave to be wilful or intentional false swearing, they should acquit him. In the opinion, with approval, quoting 1 Roberson, Criminal Law, section 32, we said:

"Involuntary drunkenness or temporary insanity occasioned by the act of the defendant in getting drunk constitutes no defense or excuse for the commission of crime. But in cases where the intent or purpose of the party is a necessary element to constitute the offense, such as robbery, larceny, burglary, perjury, or assault with intent to rape, the accused may show he was too drunk to have any intent at the time he committed the act."

In Terhune v. Commonwealth, 144 Ky., 370, the defendant was convicted of the crime of robbery, and one of the grounds urged in this court for a reversal was the refusal of the trial court to give the following instruction:

"Although you may believe from the evidence beyond a reasonable doubt that the defendant took the watch and other property of Allie Veatch, yet if you further believe from the evidence that the defendant was so drunk that he did not have the intention to rob said Veatch, you will find him not guilty."

In passing upon this contention, we said:

"There is ample evidence that appellant, as well as

the other persons connected with this affair, were on a drunken spree. This, or an equivalent instruction, should have been given."

If appellant did not knowingly, wilfully, and with a felonious intent, commit the act charged in the indictment, he is not guilty, and upon a retrial of the case the court should again give instructions one and two, and in addition, one based upon appellant's defense of intoxication, as indicated. There was nothing objectionable in the argument of the Commonwealth's Attorney, complained of.

For the reasons given, the judgment is reversed and cause remanded for a new trial, and further proceedings consistent with the opinion.