THE STATE OF CONNECTICUT *vs.* EDWARD PISANO.

First Judicial District, Hartford, March Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A request for the addition to a finding of admitted or undisputed facts should rarely be refused by the trial judge merely upon the ground that he deems them immaterial, even though, upon appeal, the omission of such facts affords no ground for relief.

The State *v.* Pisano.

In a criminal prosecution, proof of motive is never necessary to support a conclusion of guilt otherwise adequately established, however significant its presence or absence, or its sufficiency, may be as bearing upon the issue of guilt or innocence.

Malice, as a necessary element in the crime of arson, may be express or implied; it need not take the form of malevolence or ill will, it being sufficient that the act is done deliberately and without justification or excuse.

A dwelling is burned, within the definition of the crime of arson, when any portion of it, however small, is actually charred as distinguished from merely smoked or discolored.

Argued March 6th—decided May 4th, 1928.

INFORMATION charging the accused with the crime of arson, brought to the Superior Court in Middlesex County and tried to the court, *Baldwin, J.;* judgment of guilty, and appeal by the accused. *No error.*

*Frank Covello,* with whom was *Don Cambria,* and, on the brief, *Francis A. Pallotti,* for the appellant (the accused).

*Ernest A. Inglis,* State's Attorney, and *Bertrand E. Spencer,* for the appellee (the State).

MALTBIE, J.   The accused, having elected trial by the court without a jury, has been found guilty of the crime of arson and has appealed.  He asks to have a number of the paragraphs of the finding stricken out, but they are all supported by credible evidence and must stand.  He also asks to have added to the finding many additional facts which he had included in his request for a finding.  A number of these are not admitted or undisputed and cannot be added; but others should have been found because they were either admitted or undisputed; they were evidently omitted because the trial court considered them immaterial; but a trial court is rarely justified in failing to find facts which are established by the evidence and which

a party asks to have incorporated in the finding upon that ground. In this case, however, the most that could be said would be that, if included, a somewhat more complete story of the case would be presented. As long as the finding as made must stand, they could not affect the result, and hence their omission is no ground for relief to the appellant. *Kurtz* v. *Farrington,* 104 Conn. 257, 260, 132 Atl. 540.

The trial court found that the State failed to prove any motive for the act of the defendant in setting the fire, but it states among its conclusions that the motive which actuated him was his desire to enjoy the excitement it would cause. These statements are hardly consistent; for the latter must be, at least, an inference from the facts in evidence, and if the trial court drew that inference it should have found the circumstance as a fact. We construe the finding as meaning that the State proved no special motive, but the court drew the inference it states in its conclusion. The accused in his appeal does not attack this portion of the finding, but his claim is that the trial court could not find him guilty in the absence of proof of motive. This is, of course, not so. Proof of motive is never necessary to support a conclusion of guilt otherwise sufficiently established, however significant its presence or absence, or its sufficiency, may be as bearing upon the issue of guilt or innocence. *State* v. *Rathburn,* 74 Conn. 524, 529, 51 Atl. 540.

The malice which is a necessary element in the crime of arson need not be express, but may be implied; it need not take the form of malevolence or ill will, but it is sufficient if one deliberately and without justification or excuse sets out to burn the dwelling-house of another. *Morris* v. *State,* 121 Ala. 44, 27 So. 336; notes, 81 Amer. Dec. 65, 101 Amer. St. Rep. 23; Clark & Marshall on Crimes (2d Ed.) p. 626. To constitute

the burning, it is only necessary that some portion of the dwelling, however small, be burned, that is, that the fiber or texture of the wood be wasted or destroyed, in common parlance, that it be charred as distinguished from merely smoked or discolored. *State* v. *Taylor,* 45 Me. 322, 329; *State* v. *Spiegel,* 111 Iowa, 701, 83 N. W. 722; *Kehoe* v. *Commonwealth,* 149 Ky. 400, 149 S. W. 818; *Benbow* v. *State,* 128 Ala. 1, 29 So. 553; *Graham* v. *State,* 40 Ala. 659, 664; *People* v. *Simpson,* 50 Cal. 304; 2 Bishop on Criminal Law (9th Ed.) p. 7. Within this principle would fall the charring of the threshold and lower board of the screen door which the court found to have occurred in this case.

Applying these principles, it is evident that the trial court committed no error in its conclusion from the facts found that the accused was guilty of the crime charged. He claims, however, that it could not reasonably have reached the conclusion that his guilt had been proved beyond a reasonable doubt. A careful examination of the evidence discloses that it could hardly have done otherwise.

There is no error.

In this opinion the other judges concurred.