{¶ 40} I respectfully dissent. R.C. 2909.02(A)(1) states in part that "[n]o person, by means of fire or explosion, shall knowingly * * * [c]reate a substantial risk of serious physical harm to any person other than the offender * * *." Criminal offenses in Ohio were codified by the General Assembly in the early nineteenth century with the effect that common law crimes were abrogated in Ohio. R.C. 2901.03; see, also, Committee Comment to H 511. Any act, to be criminal, must be declared so by some statute or ordinance. In re The Grand Jury (1907), 5 Ohio N.P. (N.S.) 33, 39. Nevertheless, the common law has been referenced since then for pertinent interpretive purposes. At common law, arson primarily focused on the burning of property and did not include a substantial risk of physical harm to any person. Today, the crime of arson has been considerably broadened by modern legislation. As such, R.C. 2909.02 takes the common law definition of arson a step further to include a substantial risk of serious physical harm to any person.
 {¶ 41} At common law, arson is the malicious burning of the dwelling house of another. Consequently, an accidental or negligent burning is not sufficient. Morris v. State (1900), 124 Ala. 44, 47. Arson is not committed unless some part of the structure of the dwelling house is actually damaged by fire. Blackening or discoloration is insufficient; the fiber of some part of the structural material of the building must be at least slightly damaged. People v. Oliff (1935),361 Ill. 237, 244-245; State v. Spiegel (1900), 111 Iowa 701, 705. The word "burn" means to consume by fire; charring is sufficient. People v.Haggerty (1873), 46 Cal. 354, 355.
 {¶ 42} Thus, both common law arson and the Revised Code require a "fire" in order for something to be consumed, at least in part, by flames. It is this writer's position that the word "fire" as used in this statutory section is not intended to be interpreted in derogation of the common law. Certainly no legislative intent is expressed in the statute which would support that position. "Fire" is not defined by R.C. 2909.01, the section relating to arson offenses. The majority contends that the flame from the lighter is sufficient to constitute a "fire" for purposes of R.C. 2909.02 and 2909.03, with which I disagree wholeheartedly. I feel it is the legislature's role to address whether it wishes to depart from the common law meaning of "fire," to an expanded version of what the majority advances.
 {¶ 43} The majority relies on the Second District in State v.Herring (Jan. 31, 1993), 2d Dist. No. 13128, 1993 Ohio App. LEXIS 179, which determined that a flame from a lighter can be a "fire" for purposes of R.C. 2909.02 and 2909.03. However, the facts in that case are quite distinct from those in the case sub judice. As such, the majority's emphasis on Herring is misplaced. In Herring, the court held that there was sufficient evidence presented to sustain an aggravated arson conviction where the victim was burned on her unclothed vagina and buttock with a lighter. Id. at 13. Thus, in Herring, the victim was actually burned by the flame produced from the lighter.
 {¶ 44} In the case at bar, on the other hand, although appellant ignited and dropped his lighter, it was out by the time that it hit the bathtub. There was no evidence which indicated that the victim's clothing caught on fire. Also, there was no evidence that the victim was physically burned or singed in any way. Thus, the flame from the lighter never produced a "fire" that physically damaged the victim's person. Therefore, while appellant's behavior was heinous and reprehensible, he never set a "fire" within the meaning of the statute. Based on the facts in this case, the desire to prosecute this matter under the arson penumbra rather than a lesser offense is understandable. Again, it remains a legislative prerogative to broaden the statutory scope to make a charge of arson applicable to the facts predicated here. Although the majority argues that appellant created a substantial risk of serious physical harm to the victim by pouring kerosene over her body and waving a lighter about, no "fire" or "explosion" was created pursuant to R.C. 2909.02(A)(1).
 {¶ 45} I would reverse the judgment of the trial court.