[No. 4671.]

## Langan et al. v. The People.

1. **Intoxicating Liquors—Sales Near Railroad Grading Camp—Jurisdiction of County Court.**

The county court has jurisdiction in cases arising under section 2830b, 3 Mills' Ann. Stats., prohibiting the sale of intoxicating liquors within five miles of any camp of twenty-five or more men engaged in the construction or repair of any railroad, canal, reservoir or public work.

2. **Same—Information—Name of Purchaser.**

In a prosecution for unlawfully selling intoxicating liquor within five miles of a railroad grading camp, it is not necessary that the name of the person to whom the sale was made should be alleged in the information.

3. **Same—Name of Camp.**

In a prosecution for unlawfully selling intoxicating liquor within five miles of a railroad grading camp, good pleading would require that the name of the camp should be set out in the information, but a failure to do so is not a fatal error which requires the reversal of a conviction thereunder.

4. **Same—Exceptions.**

In a prosecution under section 2830b for unlawfully selling intoxicating liquors within five miles of a grading camp, it is not necessary to allege in the information that defendants are not of the exempted class mentioned in the statute.

5. **Practice in Criminal Cases—Juries.**

In a criminal prosecution, where defendants presented no issue for the jury to determine, and where the jury could have returned no other verdict than that finding defendants guilty, the fact that the jury was improperly drawn is not a sufficient ground for reversal of the judgment of conviction.

6. **Intoxicating Liquors—Sales Near Grading Camp—Instructions—Harmless Error—License.**

In a prosecution for unlawfully selling intoxicating liquor near a grading camp, an instruction that the jury should find defendants guilty if they found beyond a reasonable doubt that they sold liquor within five miles of a grading camp where twenty-five or more men were employed, unless they further found "beyond a reasonable doubt" that such sales were made under a license issued by an incorporated town or city, or that the defendants were established six months prior to the beginning of said work within said five-mile limit, was erroneous, but where defendants offered no proof of a license from any source, such instruction was harmless.

7. **Same.**

In a prosecution for unlawfully selling intoxicating liquors near a grading camp, where defendants offered no proof of any license from the county commissioners, it was not erroneous to refuse instructions offered by defendants upon the subject of the proviso of the statute which exempts from its prohibitory provisions those who have been established in business under a license from the board of county commissioners for six months prior to the beginning of work within the five-mile limit.

8. **Practice in Criminal Cases—Juries—Taking Documents to Jury-room.**

In a criminal prosecution, where the defendants consented to the taking of the information to the jury-room, the fact that the affidavit upon which the information was based was also taken was not prejudicial to defendants, where the affiant had testified to the same facts on the trial and had been cross-examined by defendant's counsel.

*Error to the County Court of Gilpin County.*

Mr. CHASE WITHROW and Mr. GEO. W. FORMAN, for plaintiff in error.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE, for the people.

Mr. JUSTICE STEELE delivered the opinion of the court.

The defendants were adjudged guilty of selling liquor at a place within five miles of a railroad grading camp, and were fined for so doing the sum of forty dollars each. They bring the case here by writ of error. The statute under which the information was brought is as follows:

"Section 1. It shall be unlawful for the board of county commissioners of any county in this state to grant a license to any person to sell, barter, exchange or otherwise, dispose of malt, spirituous or vinous liquors in less quantities than five gallons, within five miles of any camp or assembly of men engaged in the construction or repair of any railroad, canal, reservoir, public work, or other kindred enterprise, where twenty-five or more men are employed.

"Sec. 2. Any person who shall sell or offer for sale, barter, exchange, or otherwise dispose of any spirituous, malt or vinous liquors in less quantity than five gallons, within five miles of any camp or assembly of twenty-five or more men engaged in the construction or repair of any railroad, canal, reservoir, public work, or other kindred enterprise, shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined in a sum not exceeding fifty dollars, or imprisonment in the county jail for not exceeding thirty days, or both, in the discretion of the court; and any attempt to evade the provisions of this act, by giving away any such liquors to any per-

son on the pretense, or for the reason that such person has purchased, or designs, or is expected to purchase, some other article, shall be deemed as a sale, within the meaning of this act. *Provided,* That the provisions of this section shall not apply to sales made under a license issued by any incorporated town or city, nor to those outside of the corporate limits of cities and towns which may have been established six months prior to the beginning of said work within said five-mile limit.

"Sec. 3.   Justices of the peace, in their respective precincts, shall have jurisdiction to hear and determine all cases arising under the provisions of this act."   (3 Mills' Ann. Stats., secs. 2830a, 2830b and 2830c.)

The information charges the offense in the language of the statute, and states in general terms that the liquor was sold on or about March 17, 1903, at the county of Gilpin and state of Colorado.   Otherwise the place of selling is not stated, nor is the name of the person to whom the liquor is alleged to have been sold mentioned in the information.

The defendants contend that the county court was without jurisdiction to try the defendants; that the information was fatally defective; that the court erred in refusing to give certain instructions offered by the defendants, and erred in the giving of instructions; that the court erred in the admission of testimony; that the district attorney made remarks to the jury greatly prejudicial to the defendants; and that an affidavit was taken to its room by the jury and read and considered.

The section of the act does not vest in justices' courts exclusive jurisdiction of cases arising under the act, nor is the act conferring upon the county court jurisdiction in cases of misdemeanor inconsistent with the one before us, and we are of opinion

that the county court has jurisdiction in cases arising under the act.

Where the gravamen of the offense charged is a sale made to a person belonging to a protected or prohibited class, as a minor, an insane person, or an habitual drunkard, the requirement of certainty will oblige the pleader to state the name of the vendee, if it is known, but where the particular sale is not the essence of the offense, the name of the purchaser is not material.—Black on Intoxicating Liquors, § 464.

The essence of the offense here charged is not that the sale was made to a particular class, and it was not necessary therefore to state the name of the purchaser. The particular offense prohibited by the statute is the sale within five miles of a grading camp where twenty-five or more men were engaged in the construction of a railroad, and good pleading requires that the name of the grading camp should be set out in the pleadings, but we do not regard the failure to so specifically charge the offense a fatal error which requires the reversal of the case, and the discharge of the defendants.

The selling of liquor within five miles of a grading camp is prohibited by the statute; the county commissioners are prohibited from issuing a license to make such sales. The scheme of the statute is to prohibit generally the sale of intoxicating liquors within five miles of a grading camp. The statute excuses those who may have a license from an incorporated city or town, and under such circumstances it is not necessary to allege that the defendant is not of the exempted class.—Wharton's Criminal Pleading and Practice, § 242.

Counsel lay stress upon an alleged irregularity in impaneling the jury, but no prejudicial error is shown, if we were to concede that the jury was improperly drawn. The jury could have returned

no other verdict than that finding the defendants guilty, as charged in the information. The defendants did not, when upon the witness stand, present an issue for determination by the jury, and were not, therefore, injured by the manner in which the jury was drawn.

The instruction given which states that the jury should find the defendants guilty, if they found, beyond a reasonable doubt, that they had sold liquor within five miles of a grading camp where twenty-five or more men were employed, unless they further found, "beyond a reasonable doubt," that such sales were made under a license issued by an incorporated town or city; or, if such sales were made outside the limits of a city or town, that the defendants were established six months prior to the beginning of said work within said five-mile limit, is erroneous; and if the defendants had offered proof that they were licensed to sell liquor, the instruction should be regarded as fatally erroneous for the reason that the defendant is not required to establish his defense beyond a reasonable doubt. A defendant is entitled to an acquittal if the evidence leaves a reasonable doubt of his guilt.—*Jones v. People*, 23 Colo. 282. But these defendants offered no proof of a license from any source, and were not harmed by the instruction.

Although the language of the proviso following the conjunction "nor" is rather obscure, when the whole act is considered the very evident intention of the legislature was to exclude from the prohibitory provisions of the act those who had licenses from the board of county commissioners, and who had been established in business, under the license, for the period of six months prior to the beginning of work within the five-mile limit. The defendants offered no proof of a license from the county board, and the

instructions offered by them upon the subject of the proviso were properly refused.

The defendants complain of the remarks of the special prosecuting officer, and say that they were greatly prejudiced thereby. We do not think so. Furthermore, the court very promptly required counsel to confine his remarks to a discussion of the evidence.

The information was taken to the jury-room with the instructions, counsel for the defendants expressly consenting thereto. Inadvertently the affidavit filed with the information was also taken, and was inspected and read by several of the jurors. This, it is said, should cause a reversal of the case. We are not prepared to say that the affidavit is not a part of the information, and that the consent of counsel to the taking of the information to the jury-room was not a consent that the affidavit upon which the information was based, should·be also taken; but whether the affidavit be regarded as a part of the information or as a separate document, no possible prejudice resulted to the defendants. The person who signed the affidavit had testified and had been cross-examined by the defendants' counsel, and had testified to the same facts stated in the affidavit, and the jury were not influenced, probably, in the slightest degree.

The judgment is affirmed.          *Affirmed.*