[No. 8012.]

## KOIKE v. THE PEOPLE.

CRIMINAL LAW—*Information.* An information under Chapter 164 of the Laws of 1909, for maintaining a private employment agency without a license, must show affirmatively that the unlawful agency

was maintained in some city or town.  Only within cities and towns is the license required.  *Langan v. The People*, 32 Colo. 414, distinguished. (417)

*Error to Pueblo District Court.*—Hon. C. S. ESSEX, Judge.

Mr. M. G. SAUNDERS, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. FRANK C. WEST, Assistant Attorney General, and Mr. WENDELL STEPHENS, Assistant Attorney General, for The People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The plaintiff in error was tried and convicted upon an information charging as follows:

"That Charles Koike, on or about the 23rd day of February, A. D. 1912, at the county of Pueblo, State of Colorado, did then and there unlawfully open, operate and maintain a private employment agency for hire, and where a fee was then and there charged the applicant for employment, without first having obtained a license therefor from the Deputy Commission of Labor Statistics."

The only error necessary to consider is the action of the court in overruling the motion of the defendant to quash the information.  One of the grounds upon which the motion to quash was based, is that the information does not charge a public offense.

The statute under which the defendant was convicted, in so far as important to consider, is as follows:

"Sec. 1.  No person  *  *  *  in this State shall open, operate or maintain a private employment agency for hire or where a fee is charged to either applicant for employment or help, without first obtaining a license for the same from the deputy commissioner of labor statistics; such license fee in cities of 25,000 or more population shall be $50.00 per annum; in all cities or towns containing less than 25,000 and more than 5,000 population, a fee of $25.00 per annum; and in all cities or towns under

5,000 population a fee of $10.00 per annum shall be required.

Every license shall contain a designation of the city, street and number of the building in which the licensed party conducts such employment agency  \*  \*  \*   No agency shall print, publish or paint on any sign, window or insert in any newspaper or publication, a name similar to that of the Colorado Free Employment Office. The deputy commissioner of labor shall require with each application for a license a bond in the penal sum of one thousand dollars with two or more sureties, to be approved by the said deputy commissioner, and conditioned that the obligor will not violate any of the duties, terms, conditions, provisions or requirements of this act.

Sec. 3. A private employment agency is defined to be any person, firm or corporation furnishing employment or help, or giving information as to where employment or help may be secured, or who shall display any employment sign or bulletin, or through the medium of any card, circular, pamphlet or newspaper, offer employment or help; and all such persons are subject to the provisions of this act, whether a fee or commission is charged or not. *Provided,* that charitable organizations are not included within the meaning of this act. Session Laws, 1909, p. 366.''

It will be seen that the information charged the offense as having been committed "at the county of Pueblo, State of Colorado," while the statute provides for the taking out of a license in cities and towns only, and regulates the license fee upon the basis of the population of such cities or towns.

It is contended by counsel for the plaintiff in error, and conceded by the Attorney General, that under this statute, it is not unlawful to conduct an employment agency in any part of the state outside of cities and towns without a license, and this seems to be the clear intent of the statute.

If then, the operation of an employment agency is an offense when conducted within a city or town only, does

the information sufficiently state such an offense, in charging the act as "at the county of Pueblo." We think not.

It seems quite clear that if the maintenance of an employment agency at any place outside the corporate limits of a city or town, is not an offense, then the charge that such act was committed at the county of Pueblo, the greater part of the territory of which is not within any city or town, does not sufficiently charge an offense under the statute.

It is said that the case of *Langan et al. v. People,* 32 Colo. 414, 76 Pac. 1048, sustains the claim of the people here. In that case the essence of the offense was the sale of liquor within five miles of a grading camp, and was so charged in the language of the statute.

Here, the gist of the offense is the maintaining of an employment agency in any city or town without a license. It is not an offense when maintained outside of a city or town. The information does not charge that the defendant conducted an employment agency within any city or town, and for such reason states no offense. It is true that in the Langan case, the statute excluded from its operation those who may have a license from an incorporated city or town, and it was there held that it was not necessary to allege that the defendant was not of the exempted class.

So, in the case of the statute under consideration, it is provided that charitable organizations are not included within the meaning of the act, and it is therefore not necessary to allege that the accused is not within that class.

For this reason the judgment must be reversed.

*En banc.*

WHITE, J., dissents.

HILL, J., not participating.