[No. 22477. Department Two. January 5, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. W. W. WINGARD, *Appellant*.[1]

*John Burton Keener* and *Browder Brown,* for appellant.

*Bertil E. Johnson* and *Ray C. Roberts,* for respondent.

[1]Reported in 295 Pac. 116.

MILLARD, J.—Defendant was, by the verdict of the jury, found guilty of unlawful possession of intoxicating liquor as charged by an information filed in the superior court for Pierce county. From judgment and sentence entered against him upon the verdict, the defendant has appealed.

█ It is first contended that the statute (Rem. Comp. Stat., § 2312) prescribes a sixty-day period within which an accused person shall be brought to trial after the information is filed; therefore the court should have granted appellant's motion for dismissal of the prosecution on the ground of failure to bring the cause to trial within sixty days after the date of the filing of the information.

Section 2312, Rem. Comp. Stat., reads as follows:

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

The information against appellant was filed August 19, 1929. On August 20, appellant was admitted to bail. On October 23, appellant's attorney was notified that the cause was placed on the motion docket for October 26; that is, noted for assignment for trial. On October 26, the state moved that the cause be set for trial. The appellant had not yet been arraigned, and at his request the date for arraignment was continued to October 28. Appellant was arraigned October 31 (the reason for the delay of three days is not disclosed by the record), on which date he requested additional time to plead, and was granted until November 4 to enter his plea. Appellant on November 4 moved for dismissal on the ground that he had not been tried within sixty days after the information was

filed. The motion was denied, appellant pleaded not guilty and, appellant's counsel consenting thereto, the cause was assigned for trial and was tried on November 15, 1929, resulting in conviction, judgment and sentence as recited above.

Appellant was not incarcerated. He was admitted to bail the day after the filing of the information. He was at all times represented by counsel. On October 26, when motion of the state was heard that the cause be set for trial, the appellant's arraignment was delayed two days. His request for additional time in which to plead was granted—he was given four days following his arraignment in which to plead. At none of these times did he express a desire to be tried. Though his trial did not occur until more than sixty days after the filing of the information against him, the appellant waived his statutory right, as he waited until the trial was at hand before he moved for dismissal. Being on bail and not demanding a trial of his cause at any of the times the opportunity was afforded him as heretofore stated, the appellant is in no position to now urge that his constitutional and statutory rights to a speedy trial had been denied him.

"The constitutional privilege of a speedy trial was intended to prevent an arbitrary, indefinite imprisonment, without any opportunity to the accused to face his accusers in a public trial. It was never intended as furnishing a technical means for escaping trial." *State v. Miller*, 72 Wash. 154, 129 Pac. 1100.

The motion was not filed until the trial was at hand. Appellant made no previous effort to note the cause for trial, therefore the motion to dismiss was too late.

"Passing the question of an agreement of his counsel that the case should be continued, and like matters, it appears that the motion to dismiss was not filed until the day the case was set for trial, and was not

called to the attention of the court until the case was actually reached for trial. The question thus presented has been decided adversely to appellant's contention [citing cases]. In the *Alexander* case, 65 Wash. 488, 118 Pac. 645, this court said:

" 'After the trial has begun, or when it is about to take place, it is too late for the defendant to move for a dismissal. The statute provides a remedy for the defendant when the prosecutor without cause does not bring the case to trial. It was not intended as a means to escape or a method of delay when the trial is at hand. If the motion had been made prior to the time of trial, the court, for good cause shown, would refuse a dismissal. When the trial is at hand, the defendant will be held to have waived his right under the statute.' " *State v. Nilnch*, 131 Wash. 344, 230 Pac. 129.

Through inadvertence a paper never introduced in evidence went to the jury room with the exhibits in the case. This, insists appellant, entitles him to a new trial, and he assigns as error the denial of his motion for a new trial on that ground. In the cross-examination of one of appellant's witnesses, the prosecuting attorney showed to the witness "Plaintiff's Exhibit F" for identification, and asked the witness whether the paper was a report referred to in the examination of the witness by appellant's counsel. The paper was marked by the clerk as "Plaintiff's Ident. F," but was never introduced in evidence, and through mistake was placed with the exhibits that went to the jury room. Affidavits of three members of the jury are to the effect that the paper was brought to the jury room with the exhibits in the case, and was read generally by the members of the jury. The foreman of the jury made affidavit that, immediately upon entering the jury room at the commencement of the deliberations, he realized that the paper had not been admitted into evidence, and that he promptly separated it from the exhibits and set it aside.

The mere fact that a document or other article not admitted in evidence comes before the jury would not of itself be sufficient to warrant a new trial. The paper or report was sent to the jury room through inadvertence, and not through design of the state's or appellant's counsel. No showing has been made that the paper contained anything which improperly influenced the jury.

"The general rule is that where a paper which should not properly be with the jury during their deliberations has been sent to the jury room through inadvertence or accident, and not through the connivance or design of the prevailing party, the verdict will not generally be set aside on that account if it does not appear that the paper was of a character to prejudice the unsuccessful party or that other circumstances rendered the reading of it harmful." 16 R. C. L., p. 302, § 113.

All of the information contained in the paper or report of the witness was brought out in the cross-examination of the appellant's witnesses. In *Langan v. People,* 32 Colo. 414, 76 Pac. 1048, it was held that the taking by the jury to the jury room of an affidavit filed with the information was harmless, affiant having testified to the same facts stated in the affidavit. The court said:

"No possible prejudice resulted to the defendants. The person who signed the affidavit had testified, and had been cross-examined by the defendants' counsel and had testified to the same facts stated in the affidavit, and the jury were not influenced, probably, in the slightest degree."

In *State v. Riley,* 41 Utah 225, 126 Pac. 294, a revolver and overalls went to the jury without the permission of the court. On appeal it was held that the jury could not discover any evidence from the articles other

than the evidence which had been disclosed to them during the trial, and that the defendant was not in any way prejudiced.

In *State v. Benson*, 46 Utah 74, 148 Pac. 445, a map, which was used in the court room to illustrate certain testimony, inadvertently got into the jury room. The court held that the legality of the verdict was not affected by that irregularity.

In *People v. Herrera*, 32 Cal. App. 610, 163 Pac. 879, a blackboard with its illustrations, which were used in the court room, inadvertently got into the jury room. It was held that the jury could obtain no additional information from the blackboard other than that which they had obtained from the witnesses in the court room, therefore no error was committed.

The judgment is affirmed.

MITCHELL, C. J., FULLERTON, BEALS, and MAIN, JJ., concur.