No. 21357.

Ronald A. Milano *v.* The People of the
State of Colorado.
(412 P.2d 225)

Decided March 21, 1966.

Michael F. Morrissey, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John E. Bush, Assistant, George H. Sibley, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

MILANO was tried and convicted of aggravated robbery and conspiracy to commit the crime. He is before this court on writ of error. alleging that the jury was permitted to consider "irregular matter" which influenced its verdicts of guilty.

During the trial of this case in the district court,. the proprietor of the establishment allegedly robbed testified in part by indicating on a blackboard the location of his store, the position of the rooms, doors, and fixtures, and the relative whereabouts of some who participated in the occurrence. This testimony was developed by his drawing and indicating various salient features of the location, along with his concurrent and subsequent oral comments. Milano's counsel made no objection. On cross-examination the witness was questioned concerning his drawing and requested by defense counsel to make additional markings. The blackboard itself was never offered or admitted as evidence.

On retiring to the jury room, one of the jurors requested the bailiff to bring along the blackboard and its diagram. When the court was apprized of the blackboard's presence, it immediately ordered its removal. After returning their verdict, the jury were asked by the court if any of them had looked at the blackboard during their deliberations, to which question all replied negatively.

Milano's motion for a new trial was denied by the district court, and on this review it is urged that, as the diagram plus testimony purportedly placed the accused at the scene of the alleged robbery near the cash register, the blackboard's presence in the jury room was sufficiently prejudicial to warrant a new trial, and denial of the motion was reversible error.

A careful reading of both the record and defendant's

brief reveals that the blackboard *drawing* did not place Milano at the cash register or even in the store but merely indicated the establishment's layout and the cash register's position in it. The only evidence as to defendant's location was the witness' oral testimony given after the diagram was nearly complete.

■■ It has long been law in Colorado that, before a new trial will be granted on the grounds that improper material was before the jury during its deliberations, some prejudice must be shown. *Langan v. People,* 32 Colo. 414, 76 Pac. 1048; see also 23A C.J.S. § 1369; 24 C.J.S. § 1449(5); 24 C.J.S. § 1449(10); 24B C.J.S. § 1927(e); 39 Am. Jur., *New Trial,* § 84; Anno. 20 A.L.R. 1187, 1202; Anno. 67 A.L.R. 1523, 1531. Many cases have established the rule that, if oral testimony fully covers and explains a diagram, no fatal error is committed if the thing itself finds its way into the jury room and is shown to be non-prejudicial by its very nature. *Langan v. People, supra; People v. Herrera,* 32 Cal. App. 610, 163 Pac. 879; *State v. Wingard,* 160 Wash. 132, 295 Pac. 116; *State v. Sawyer,* 263 Wis. 218, 56 N.W.2d 811, *cert. den. Sawyer v. State of Wisconsin,* 346 U.S. 801, 74 S. Ct. 66, 98 L. Ed. 333. In *Herrera* it was held that no error was committed where, in a murder trial, a blackboard containing diagrams of the murder scene was inadvertently placed in the jury room, where there had been testimony as to all it contained and it could provide nothing additional.

■ In the present case, as in *Herrera,* there has been no prejudice. Counsel for Milano admitted as much in this court on oral argument, when he stated he would not and probably could not have objected to the introduction of the blackboard had it been formally offered. Professor McCormick addresses himself to the subject as follows:

"It is only when the writing or exhibit has been introduced in evidence that it is allowed to be taken [to the jury room]. It seems, however, that this re-

quirement should be applied according to the substance rather than the form, and accordingly if the writing or article has been read or exhibited to the jury in connection with the testimony even though not formally offered it should be treated for this purpose as in evidence." McCormick, *Handbook of the Law of Evidence*, § 184 at 394.

■ Milano does not come to the bar claiming deprivation of his constitutional right to confront and cross-examine the witness; indeed, he had his opportunity and utilized it. He acknowledges a fair and impartial trial up to the point of the jury's deliberations, and then claims prejudice from the facts developed by proper testimony. Under the circumstances of this case, we find the "prejudice" alluded to was nothing more than the probative force of proper evidence, and that, even if we were disposed as technicians to denominate this "error," it would have to be qualified as "harmless."

The judgment below is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE MOORE concur.