The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Pedro Patlan ALVAREZ, Defendant-Appellant.

No. 78–183.

Colorado Court of Appeals, Div. II.

Nov. 20, 1980.

Rehearing Denied Dec. 26, 1980.

Certiorari Granted Feb. 23, 1981.

J. D. MacFarlane, Atty. Gen., Donald W. Alperstein, Designated Counsel, Arnold Al-perstein, Designated Counsel, Ronald C. Forman, Designated Counsel, Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Richard P. Holme, Steven J. Merker, Sp. Deputy Public Defenders, for defendant-appellant.

SMITH, Judge.

Defendant, Pedro Alvarez, appeals his conviction for second degree assault. We affirm.

Alvarez seeks reversal here on three grounds, namely: (1) the use by a juror of a dictionary to determine the meaning of the terms, "vague," "imaginary," "doubt" and "reasonable," was misconduct requiring reversal and retrial, (2) eyewitness Irma Gonzales' police station "show-up" identification of the defendant violated the defendant's rights to due process of law, and (3) the in-court identifications by witnesses Irma Gonzales and Juanita Lopez violated defendant's right to due process of law.

The evidence discloses the following facts. On the evening of June 21, 1977, Irma Gonzales and Salvatore Valasquez were in a Fort Lupton bar when Ernesto Martinez entered and began an argument which resulted in both men leaving the bar.

According to the testimony of Gonzales and one Juanita Lopez, once Valasquez and Martinez exited the bar a fight broke out in which Valasquez was severely beaten by Martinez, along with several other assailants. Both witnesses described one of the assailants as being a man having long hair and a beard, wearing a black hat and coveralls. This man was later identified as the defendant, Alvarez. Alvarez admits that he was present at the scene of the assault, but he denies any participation in the beating.

## I.

At the conclusion of the defendant's case, the court instructed the jury *inter alia*, that the burden of proof was upon the People to prove beyond a reasonable doubt that the defendant was guilty of the crime charged. The court also properly instructed

the jury on the definition of the legal term reasonable doubt. After several hours of deliberation the jury was sent home for the evening. That evening one of the jurors, consulted a dictionary, looking up the definition of the words "vague," "imaginary," "doubt," and "reasonable" to determine whether her doubts were vague or reasonable. When the jury reassembled the next morning the dictionary definitions were discussed. The jury subsequently returned a guilty verdict.

The defendant asserts that this consultation of a dictionary by the juror was misconduct requiring reversal and retrial. We disagree.

■ While we do not approve a member of the jury seeking independent clarification of jury instructions by means of extraneous sources, we hold that the use of a dictionary to ascertain the precise meaning of common words is not per se reversible error. *See Zanetti Bus Lines, Inc. v. Logan*, 400 P.2d 482 (Wyo.1965).

■ Before a new trial will be granted on the grounds that improper material was before the jury during its deliberations it must affirmatively appear from the record that the substantial rights of the complaining party have been prejudiced thereby. *Milano v. People*, 159 Colo. 419, 412 P.2d 225 (1966). Such prejudice is not to be presumed from the misconduct of a jury, but rather, must be affirmatively shown. *Segura v. People*, 159 Colo. 371, 412 P.2d 227 (1966).

We find no such prejudice here. The words that were looked-up in the dictionary are common words, not legal terms. There is no basis in the record from which we may conclude that the definitions used were inconsistent or in conflict with the trial court's instructions.

## II.

■ Defendant also argues that Irma Gonzales' police station identification of the defendant was tainted by overly suggestive pretrial identification procedures and, therefore, that that confrontation violated defendant's rights to due process of law. Again, we disagree.

Shortly after the incident, the police arrested defendant driving a pickup truck matching the description given by Irma Gonzales at the scene of the assault. Defendant was taken to the police station where he by chance encountered Gonzales. When asked whether she knew the defendant, or whether she had ever seen him before, Gonzales stated that the defendant was one of the men whom she had witnessed beating Valasquez.

■ While it is true that one-on-one confrontation for the purpose of pretrial identification of criminal suspects are not favored, they are not per se violative of due process. *People v. Burns*, Colo., 615 P.2d 686 (1980); *People v. Williams*, 183 Colo. 241, 516 P.2d 114 (1973). In each case where identification is an issue, the determinative question is the likelihood of misidentification. *People v. Trujillo*, 40 Colo. App. 186, 576 P.2d 179 (1977).

In this case, our review of the circumstances surrounding the apprehension of the defendant and the police conduct which led to his identification satisfies us that the claim that defendant was denied due process of law is without merit. Since the confrontation between defendant and Gonzales was inadvertent, and since only a short time period had elapsed between the crime and the identification of the defendant at the police station, there was no substantial likelihood of irreparable misidentification.

## III.

■ Defendant's last argument is that the trial court erred in allowing the admission into evidence of witnesses Gonzales' and Lopez' in-court identification of the defendant through the use of a defense exhibit that consisted of a photograph of defendant taken on the night of his arrest.

Contrary to defendant's argument, neither witness actually made an in-court identification of defendant. Defendant has mischaracterized what was in reality an identification by Gonzales and Lopez of the defense exhibit as being a photograph of the man whom both witnesses had seen

beating the victim. Therefore, defendant's arguments relating to in-court identification procedures are inapposite.

Furthermore, it is to be noted that it was not the prosecution, but the defense, which attempted to have the picture in question introduced. The record also reveals that it was defense counsel who tried unsuccessfully to establish an in-court identification from this picture. Defendant cannot complain of a trial situation which he has himself brought about. *Fresquez v. People*, 178 Colo. 220, 497 P.2d 1246 (1972).

We perceive no reason to disturb the verdict of the jury, nor do we think that the trial court abused its discretion in allowing the identification of this defense exhibit by prosecution's witnesses.

We have considered the defendant's remaining assertions of error and find them to be without merit.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.