The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Douglas E. WOODWARD,
Defendant-Appellant.

No. 80CA0374.

Colorado Court of Appeals,
Div. I.

June 18, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Morgan Rumler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Terry L. Perlet, Colorado Springs, for defendant-appellant.

COYTE, Judge.

Defendant, Douglas E. Woodward, appeals the judgment of the trial court entered upon a jury verdict convicting him of one count of second degree kidnapping. We affirm.

The kidnap victim, a 14-year-old girl, attended a summer camp in Colorado where defendant worked as a handyman. Defendant called the victim's mother for permission for the victim to accompany him and his family on a 4-day camping trip to Grand Junction, Colorado. The victim's mother consented but testified that she did not give permission for her daughter to go with defendant by himself or to go anywhere other than Grand Junction.

Camp officials placed the victim on a plane home to Missouri at the end of the camp but the victim flew only as far as Denver, where she met defendant. For the next six days, without his family, defendant and the victim traveled through Colorado, Utah, Arizona, and New Mexico. Upon their return, defendant, accompanied by the victim, was arrested at the Denver airport and charged with sexual assault on a child and second degree kidnapping.

The issues which defendant raises on appeal concern events which occurred during the jury's deliberations. The jury was instructed that the elements of second degree kidnapping are:

1. Taking, enticing or decoying away any child,

2. Who is not his child, and

3. Who is under the age of eighteen,

4. With the intent to keep or conceal that child from her parent or guardian. *See* § 18–3–302(2), C.R.S.1973 (1978 Repl. Vol. 8).

From a juror's affidavit provided by defendant, it appears that the jurors did look up the meaning of the word "conceal" in a dictionary. However, some of the jurors were not satisfied so the following question was sent to the judge.

"Question:

Ref. Instruction # 8, element # 4 the word 'conceal' does it mean physically hiding? Or does it mean withholding information? Or both?"

A discussion took place between the judge and counsel who were given the opportunity to research a proper definition of "conceal." Defense counsel suggested that the jury be instructed to use their common sense and objected to any definition being provided. The prosecution suggested either that the question be answered "yes" or that a definition from *Black's* or *Ballentine's* law dictionaries be given.

The court determined the definition found in *Ballentine's Law Dictionary* was appropriate to the intent of the statute and gave the following instruction to the jury in open court:

"You are instructed that the word 'conceal' means to keep facts secret or withhold them from the knowledge of another; to hide or secret [sic] physical objects from sight or observation."

Subsequently, the jury entered its verdict.

## I

Defendant contends that the use of a dictionary by the jury is reversible error. We disagree.

██ While a jury's use of a dictionary to ascertain the meaning of certain words is not an approved practice, it is not per se reversible error. *People v. Alvarez*, Colo. App., 624 P.2d 358 (1980) (cert. granted February 23, 1981); *People v. Brooks*, (Colo. App. No. 77CA0154, July 27, 1978) (not selected for official publication). Before a new trial will be granted, it must appear affirmatively from the record that the substantial rights of the complaining party have been prejudiced thereby. *People v. Alvarez, supra.*

██ Here, defendant has not made the required showing of prejudice. We conclude, as did the trial court, that the decisive factor in the jury's verdict was not the dictionary definition obtained before the court's instruction. Only after the court provided a definition did the jury reach its verdict.

## II

Defendant contends that the trial court erred in defining the word "conceal" in response to the jury's request. We disagree.

██ The trial court may give the jury additional instructions after it has commenced its deliberations provided that adequate safeguards are taken and that the instructions given properly state the law. *People v. Langford*, 191 Col. 87, 550 P.2d 329 (1976). The trial court's definition adequately stated the law as applicable here.

██ The child kidnapping statute prohibits unauthorized interference with a parent's custodial right to their children. *See Drury v. State*, 253 Ind. 392, 254 N.E.2d 335 (1970). *See generally* 1971 Perm.Supp., C.R.S.1963, 40–3–301, (Comment). Such interference may be effected by keeping the child in physical seclusion or, as here, by keeping accurate information regarding the child's location from her parents, thus, making it more difficult for the child's parents to discover her location. *See State v. Herr*, 95 Idaho 783, 554 P.2d 961 (1976) (second degree kidnapping); *State v. Carter*, 293 Minn. 102, 196 N.W.2d 607 (1972) (concealing stolen property).

██ We reject defendant's contention that the trial court's definition of "conceal" is improper because it permitted a conviction of second degree kidnapping to be premised on his mere failure to come forward with information. Here, defendant did more than merely not disclose information to the child's mother. He affirmatively acted to prevent her from knowing her daughter's whereabouts.

## III

██ Defendant contends that the trial court erred in denying his request to comment to the jury on the court's additional instruction defining "conceal." We disagree. The additional instruction merely clarified the meaning of the word "conceal" which was present in the elements of the offense instruction already given to the jury. Thus, the trial court did not abuse its discretion in not allowing defendant to address the jury on the trial court's additional instruction. *See State v. Bullocks*, 2 Kan. App.2d 48, 574 P.2d 243 (1978). *See generally, ABA, Standards Relating to Trial by Jury* § 15–4.3(d) (2d ed. 1980).

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.