## Jones et al. v. Commonwealth.

(Decided Jan. 25, 1938.)

648

HAFFORD E. HAY and JAMES M. WOLFINBARGER for appellants.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Homer Jones and Hiram McIntosh have been sentenced to imprisonment for two years for the crime of arson and are appealing.

As grounds for reversal, it is argued (1) that the court committed error in the admission of evidence and in improper interrogation and remarks on the examination of a witness; (2) that it was necessary for the commonwealth to prove both the burning and agency causing it, which it failed to do; and (3) that an instruction given was prejudicially erroneous.

The subject of the alleged arson was a house in Irvine, Ky., owned by May B. Wallace, but occupied at the time as a residence by Evelyn Shepherd. The house stood on a steep hillside with the lower side resting on pillars at an elevation of 3 or 4 feet. The fire occurred on the night of January 16, 1937. The evidence for the commonwealth is to the effect that about 6 o'clock in the evening of that day appellants went to the home of Evelyn Shepherd where they remained for a short time. Eva Joe Rawlings and Esther Cantor were at the Shepherd home. Appellants returned again about 9 o'clock and left within twenty or thirty minutes. Three other men were at the house at this time. They returned again about midnight and knocked at the door and windows and asked to be admitted, but their request was

refused. According to the evidence of the three women, appellants upon refusal of admission went under the house. One of these witnesses testified positively that she saw and recognized them both before and after seeing them come from under the house. Shortly after they left the house, it was discovered that there was a fire under the floor and an alarm was given. Neighbors who rushed to the scene and went under the floor found a large bunch of waste saturated with oil on fire and the floor and some of the joists had been burned to a char and one of the witnesses called by the commonwealth introduced in evidence charcoal taken from the joist where it had been burned on this occasion.

Appellants denied that they set fire to the building or in any way participated in the offenses. They admitted that they were at the Shepherd place one time earlier in the night, but left at 9 o'clock or thereabouts and went to a poolroom where they remained until about 11 o'clock, going directly from there to the home of McIntosh without ever returning to Shepherds. Eva Joe Rawlings testified to the visits of appellants to the Shepherd home, but stated that she did not identify the two men who came from under the house shortly before the fire started as appellants. After she had completed her evidence in chief and on cross-examination, she was recalled for interrogation by the court. She was asked if she did not testify at the examining trial that she saw appellants and recognized them in the light. She replied that they were at the door and called their names but that she did not see them; that she saw two boys coming from under the floor, but that their backs were to her and she could not recognize them as appellants. At the close of his interrogation, the court, in speaking to the witnesses, stated, "I have an idea somebody has been working on you." To which statement counsel for appellants interposed an objection and the court further remarked, "I am not going to let a witness come in and say one thing on the examining trial, and swear another thing here." What took place on the recall of this witness is the basis of the first ground argued for reversal. Unquestionably, the remarks made by the judge in the presence of the jury were highly improper, but their effect, if any, was to discredit a witness who had given very damaging testimony against appellants. Even

though she had testified she did not recognize the two men who came from under the floor, her evidence as it stood was sufficient to warrant and sustain a conviction and it is apparent from the record as a whole, notwithstanding the impropriety of the judge's remarks, that appellants' substantial rights were not prejudiced thereby.

In Overstreet v. Commonwealth, 147 Ky. 471, 144 S. W. 751, it is said in effect that rarely if ever in the trial of hotly contested criminal cases some error does not occur, but that it is known by judges and lawyers of experience in the trial of cases that every error does not prejudice or affect the substantial right of the accused; and, under section 340 of the Criminal Code of Practice, this court is only authorized to reverse judgment in criminal cases where the substantial rights of the accused have been prejudiced.

In Kehoe v. Commonwealth, 149 Ky. 400, 149 S. W. 818, 819, this court with reference to the offense of arson quotes from Robinson's Common Law wherein it is said, "The offense is complete by the burning, however slight, of any part of the house; and the house is burned when it is charred, that is, when any of the wood is reduced to coal."

It is therefore apparent that the offense was completed and the evidence was sufficient to warrant the conclusion that appellants were the guilty agents.

Instruction No. 1 given by the court authorized a conviction of appellants if the jury believed beyond reasonable doubt that they "unlawfully, willfully and feloniously set fire to and burned and caused to be burned, to any extent, a dwelling house," etc. It is argued that the words "to any extent," as used in the instruction, rendered it prejudicially erroneous. In the light of the definition of "arson" as appears in Kehoe v. Commonwealth, supra, and in other authorities, and the evidence showing that the building was only slightly burned and not consumed or practically destroyed, it is manifest and we conclude that the instruction given was proper.

Finding no error in the record prejudicial to appellants' substantial rights, the judgment is affirmed.