**No. 26354**

**The People of the State of Colorado v. Loretta Johnson**

(536 P.2d 44)

Decided June 2, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James W. Wilson, Assistant, for plaintiff-appellee.

Murphy, Morris & Susemihl, David H. Morris, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

A jury found the defendant guilty of conspiracy in connection with a sale of heroin and she was sentenced to a term in the Women's Correctional Institution. Her appeal lists three grounds for reversal: (1) the trial court should have granted a mistrial when prejudicial evidence was presented; (2) the trial court improperly allowed testimony regarding a prior criminal transaction; and (3) the trial court should have granted defendant's motion for a judgment of acquittal because the prosecution did not establish a conspiracy. These assertions have no merit, and the judgment is therefore affirmed.

The prosecution's evidence in summary revealed the following: Maurice Dismukes, an undercover agent for the Federal Office of Drug Abuse and Law Enforcement, accompanied by an informant, went to the residence of Tennyson Carter to purchase heroin. They initially contacted the defendant at this residence and told her they were there to purchase narcotic drugs. She told them to follow her to a back bedroom where they conversed with her about the amount of heroin they wanted. After this conversation, the informant went to another bedroom. He then reappeared and was accompanied by Tennyson Carter, who thereafter consummated a sale of heroin with the informant. There was evidence that the defendant stated during these events that the sale would be made only to the informant.

I.

During the trial, the informant testified that he knew that Tennyson Carter worked for the defendant. Immediately, defense counsel asked that the testimony be stricken because it was not responsive to the question asked, and because it was prejudicial to the defendant. The trial court sustained the objection, ordered the answer stricken, and instructed the jury to disregard the testimony. The defendant's motion for a mistrial was denied.

 The actions of the trial court are not reversible error. Defendant was charged with conspiracy. It is well established that the relationship between co-conspirators is part and parcel of the first element of conspiracy, which involves an agreement, combination, or confederation between two or more persons. *Davis v. People,* 176 Colo. 378, 490 P.2d 948 (1971); *Digiallonardo v. People,* 175 Colo. 560, 488 P.2d 1109 (1971). The testimony was admissible as being material and relevant. The defendant's objection that this evidence was prejudicial does no more than acknowledge that it strongly indicates that the defendant was guilty of conspiracy to sell narcotic drugs. Nor can it be seriously argued that the answer given by the witness was not responsive. Clearly, there were no grounds for granting the mistrial in this situation, and thus, the defendant's assertion of error is without merit.

## II.

 When a defense witness, Willy C. Jackson, testified that he had no knowledge that the defendant had ever sold narcotic drugs, the prosecution presented rebuttal testimony by the informant that he had purchased narcotics from the defendant several months earlier and that defense witness Jackson was present at that sale.

The testimony by Jackson, a defense witness, opened the door for this rebuttal testimony. *People v. Mejia,* 188 Colo. 120, 534 P.2d 779; *Medina v. People,* 133 Colo. 67, 291 P.2d 1061 (1956); *Molton v. People,* 118 Colo. 147, 193 P.2d 271 (1948). The trial court's discretion in allowing this rebuttal testimony was properly exercised. Therefore, it is not subject to the defendant's challenge on this appeal. This is so because the trial judge properly instructed the jury that the evidence related to the limited purpose of testing the credibility of this defense witness, and it was not to be considered in determining the defendant's guilt or innocence of the charge for which she was on trial. *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959).

## III.

 Also, the trial court did not err in refusing to grant the defendant's motion for judgment of acquittal. As we stated in *Abeyta v. People,* 156. Colo. 440, 400 P.2d 431 (1965):

"It is well established that the existence of the agreement or assent of mind necessary to constitute a conspiracy need not be proved directly, but may be inferred from the facts provided."

We agree with the trial court's ruling that there existed sufficient evidence in this case to submit the issue to the jury.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.