## No. 26357

### The People of the State of Colorado v. Juaquin LeFebre

(546 P.2d 952)

Decided March 1, 1976. Rehearing denied March 22, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendant appeals his conviction of conspiracy to commit first-degree arson, 1971 Perm. Supp., C.R.S. 1963, 40-2-201[1] and 40-4-102[2] on various grounds including sufficiency of the evidence, an evidentiary ruling, and factual impossibility. We affirm.

In the late afternoon of March 10, 1973, a fire was reported in cellblock one of the Pueblo County Sheriff's Department. Defendant was imprisoned in that cellblock along with several others at the time the fire was detected. The fire department was summoned to extinguish the blaze. Although the cement walls and floor of the cellblock were merely scorched, clothing and bedding in the cellblock were destroyed by the fire. All mattresses in cellblock one had been placed in a pile with the clothing and bedding as fuel for the fire.

On March 14, 1973, defendant was indicted for first-degree arson and conspiracy to commit first-degree arson. A trial to a jury was commenced. At the close of the People's case, the trial court granted defendant's motion to acquit as to first-degree arson, but ordered that the count be amended to charge attempted first-degree arson, which was a lesser included offense of first-degree arson. The jury returned a verdict acquitting defendant of attempted first-degree but found him guilty of conspiracy to commit first-degree arson. Defendant perfected a timely appeal to this Court.

I.

Defendant contends that the evidence was insufficient to sustain the jury verdict, and that the trial judge should have granted his motion for acquittal.

A motion for judgment of acquittal is properly denied when the relevant evidence, viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant's guilt of the charge has been proven beyond a reasonable doubt. *People v. Shannon and Cook*, 189 Colo. 287, 539 P.2d 480; *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). Under this test, direct and circumstantial evidence are not distinguished for the purpose of determining the existence or absence of "substantial and sufficient" evidence. *People v. Bennett, supra.*

The elements of a conspiracy are: (1) an agreement, combination or confederation, (2) between two or more persons, (3) to accomplish an unlawful purpose amounting to a crime. 1971 Perm. Supp., C.R.S. 1963,

[1] Now section 18-2-201, C.R.S. 1973.
[2] Now section 18-4-102, C.R.S. 1973.

40-2-201;[3] *People v. Shannon and Cook, supra*; *People v. Dowell*, 182 Colo. 11, 510 P.2d 436 (1973).

■ Although these elements of a conspiracy must be proven beyond a reasonable doubt, they may be proven by circumstantial evidence. *People v. Johnson*, 189 Colo. 28, 536 P.2d 44 (1975). In fact, we have recognized that proof in a conspiracy case will necessarily be mostly circumstantial due to the covert and secretive nature of the offense. *Grass v. People*, 172 Colo. 223, 471 P.2d 602 (1970); *Pooley v. People*, 164 Colo. 484, 436 P.2d 118 (1968); *Abeyta v. People*, 156 Colo. 440, 400 P.2d 431 (1965); *Medina v. People*, 154 Colo. 4, 387 P.2d 733 (1963), *cert. denied*, 379 U.S. 848, 85 S.Ct. 88, 13 L.Ed.2d 52 (1964).

■ The evidence in this case was largely circumstantial. Deputy Sheriff Gomez testified that on the day prior to the fire the defendant, who was in cellblock four with several other prisoners, told him that he desired to meet with the sheriff, that he was dissatisfied with the general operation of the jail, especially the food and the bedding.

According to the testimony of the deputy, the defendant told him that "He [defendant] would burn the jail down if he did not get to talk to the Sheriff. He [the defendant] stated that mattresses and clothing was [sic] not a need for him, that they were merely a luxury, and that he [defendant] would burn the jail down."

At that time, defendant told the deputy that inmates Gallegos, Ramirez, and Griego, who were all in cellblock four, would assist him in "burning the jail." Gallegos and Ramirez made similar threats to the deputy at that time.

The defendant and the three above-named inmates were moved together from cellblock four to cellblock one at their own request, and met with the sheriff later that evening.

During the next day, a fire broke out in cellblock one. Although some cells in the cellblock suffered severe scorching, others suffered only smoke damage. However, all the mattresses in the cellblock were consumed in the fire. Debris, consisting of the mattresses and clothing of the prisoners, was found piled together in the cells which were scorched. Five boxes of personal items belonging to the defendant and each of the other prisoners in cellblock one were found stacked in one of the cells of cellblock one, which suffered only smoke damage.

The inferences to be drawn from the testimony of deputy Gomez in light of the circumstances of the actual fire indicate substantial and sufficient support for the conclusion which could be reached by a reasonable juror, that defendant was guilty of conspiracy to commit first-degree arson beyond a reasonable doubt. The defendant's evidence sought to controvert

---

[3] Now section 18-2-201, C.R.S. 1973.

the People's prima facie case, and whether he successfully created a reasonable doubt was a question for the jury to resolve.

II.

Defendant's next contention addresses the factual impossibility of burning the jailhouse as a *building* or *structure* under the first-degree arson statute. 1971 Perm. Supp., C.R.S. 1963, section 40-4-102,[4] provides:

"(1) A person who intentionally sets fire to, burns, causes to be burned, or by the use of any explosive, damages or destroys, or causes to be damaged or destroyed, any building or occupied structure of another without his consent, commits first degree arson.

"(2) First degree arson is class 3 felony."

Defendant notes that the only materials which were set afire or burned were mattresses and clothing, and that the cellblock's structure was composed of cement and steel, making it fireproof. He argues that he knew that it was factually impossible to burn the building. Therefore, he concludes that because "burning" or setting fire to a building or structure is a necessary element of first-degree arson, he could not be convicted of conspiracy to commit a crime which he knew was factually impossible to commit.

We find it unnecessary at this time to analyze the issue of impossibility in conspiracy cases, *see People v. Gill*, 180 Colo. 382, 506 P.2d 134 (1973), because the evidence indicates it was indeed factually possible to accomplish the crime for which defendant was convicted.

The chief of the Pueblo City Fire Department testified that he inspected the cellblock shortly after the fire. Although the walls were steel and the floor was concrete, he observed that the ceiling was composed of sheetrock, five-eighths of an inch thick, nailed to wooden joists. The chief testified that this sheetrock is accepted as being capable of holding "1,800 degrees of heat inside for one hour *before it will come to the ignition temperature of wood on the outside.*" (Emphasis added.)

On cross-examination, the chief was asked whether there was "any ignition of the structural part of this cellblock," to which he responded: "I found . . ., *other than the sheetrock*, . . . there was no damage to any structural part of the building we could find." (Emphasis added.)

Although this is an issue of first impression in Colorado, courts of other jurisdictions are in general agreement that the terms "burn" or "set fire to," 1971 Perm. Supp., C.R.S. 1963, 40-4-102,[5] require more than a mere scorching or discoloration. *People v. Haggerty*, 46 Cal. 354 (1873);

---

[4] Now section 18-4-102, C.R.S. 1973.
[5] Now section 18-4-102, C.R.S. 1973.

*State v. Pisano*, 107 Conn. 630, 141 A. 660 (1928); *State v. Schwartz*, 35 Del. 418, 166 A. 666 (1932); *State v. Spiegel*, 111 Iowa 701, 83 N.W. 722 (1900); *Jones v. Commonwealth*, 271 Ky. 647, 113 S.W.2d 7 (1938); *State v. Schenk*, 100 N.J. Super. 122, 241 A.2d 267 (1968); *Wishnow v. State*, 166 Tex. Crim. 538, 316 S.W.2d 412 (1958). These cases require that the "building" or "structure" actually "burn," which is defined by the cases as ignition of or an alteration or destruction of the fiber or texture of the materials composing the "building" or "structure." However, it is not necessary under the cases that the entire "building" or "structure" be totally destroyed or materially injured as long as *any part* of the "building" or "structure," regardless of its size, is burned or set afire.

 In the present case, the sheetrock ceiling and the wooden joists were a part of the "building" or "structure" for the purposes of the arson statute. *State v. Nielson*, 25 Utah 2d 11, 474 P.2d 725 (1970); *see Fulford v. State*, 8 Md. App. 270, 259 A.2d 551 (1969). The evidence indicated that it was possible for the sheetrock to "burn," and, therefore, defendant's claim of impossibility must fail.

### III.

Defendant argues that the trial judge committed reversible error when he permitted an exhibit which had not been admitted into evidence to be taken by the jury into its deliberations. The People confess error, but contend that the error was harmless.

Crim.P. 52(a) provides:
"Any error, defect, irregularity or variance which does not affect substantial rights shall be disegarded."

 The trial judge committed error in this case by permitting an exhibit not admitted into evidence to be considered by the jury in their deliberations. However, a review of the exhibit and the other evidence in the case compels the conclusion that the jury's consideration of the exhibit was harmless error. *Milano v. People*, 159 Colo. 419, 412 P.2d 225 (1966).

The exhibit was a report prepared by Deputy Sheriff Gomez regarding the conversation with the defendant and his cellmates on the day prior to the fire. The first mention of it in the record is by *defense counsel* on cross-examination of Gomez. The exhibit was marked as "Defendant's Exhibit 1" and identified by the deputy as the report submitted by him to his superiors. The report states that the deputy was called to cellblock four to talk with the defendant, who expressed his dissatisfaction with jail conditions and his desire to see the sheriff. The defendant and the other prisoners in the cell at first refused to move into another cellblock at the deputy's request, but later complied. The report was merely a recapitulation of the deputy's testimony, except the report omitted any reference that the defendant had stated to the deputy on the day preceding the fire that he

would burn the jail. The testimony of the deputy indicated that defendant made such a threat. Thus, the report was used by the defense to point out this inconsistency in deputy Gomez' testimony. In light of deputy Gomez' other testimony, the exhibit's presence in the jury deliberations was not only harmless, but perhaps helpful to the defense.

We have carefully considered defendant's other contentions, and find them to be without merit.

The judgment is affirmed.

MR. JUSTICE LEE does not participate.