The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Melvin BROWN, Defendant-Appellant.

No. 78–583.

Colorado Court of Appeals, Div. III.

June 19, 1980.

As Modified on Denial of Rehearings Sept. 18, 1980.

Certiorari Denied Jan. 5, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Brian S. Schuster, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Philip R. Cockerille, Sp. Deputy Public Defender, Denver, for defendant-appellant.

RULAND, Judge.

Defendant, Melvin Brown, appeals from a conviction by a jury of arson in the first and fourth degrees. We reverse and remand for further proceedings.

Insofar as pertinent here, the record reflects that in October of 1976, defendant's landlord obtained a court order evicting him from an apartment. When law enforcement officers arrived to remove defendant from the apartment on November 5, he set fire to the apartment he was occupying. In addition, defendant threw a lighted bottle of gasoline into the hallway near the officers.

Defendant contends that the trial court erred: (1) In failing to excuse a juror for cause; (2) in not dismissing all charges because of an alleged violation of his right to a speedy trial; and (3) in not dismissing the first degree arson count based upon the sufficiency of the evidence.

## I. CHALLENGE OF JUROR

One prospective juror indicated that his two sons were policemen in Englewood and Sheridan, a nephew was a police detective in Aurora, and another nephew was a Denver fireman. This prospective juror also disclosed that his brother-in-law had been the victim of a burglary approximately eight days previously. The juror also indicated that he had discussions approximately twice a week with one of the sons who was a police officer, and the juror stated:

"When they [the defendants] hit that stand up there, they are guilty. He [the

son] says as far as the police department is concerned that they are guilty."

In response to further questions, the prospective juror indicated that: "[I]f you was a father to two policemen ... I mean you would pretty near go along with them," and that he did not know whether he could be impartial. In response to questions from the court relative to whether he could set aside the views expressed by his sons as to the guilt of criminal defendants and follow the court's instructions on the presumption of innocence, the prospective juror replied only, "I think I can."

Defendant contends that the trial court erred in not sustaining his challenge for cause and that he was prejudiced thereby because he was required to excuse the juror with a peremptory challenge and subsequently used the balance of his peremptory challenges. *See People v. Rael*, 40 Colo. App. 374, 578 P.2d 1067 (1978). We view *Nailor v. People*, Colo., 612 P.2d 79 (1980), as dispositive of this issue.

In that case, the defendant was charged with offenses involving an attempt to burglarize an automobile and a prospective juror indicated that her car had been burglarized the week before. Although the juror stated that she believed she could distinguish her experience from the charges against the defendant, her final position was that there was a serious doubt about her ability to be impartial. The Court held that the trial court abused its discretion in failing to excuse the potential juror because in that case, as here, there was no dispute about the fact that the juror doubted she could be impartial. The Court indicated that when a potential juror makes a clear expression of bias, it is difficult to assume that such a juror can render an impartial verdict. Hence, justice is served by excusing such a potential juror. *See also, People v. Reddick*, Colo.App., 610 P.2d 1359 (1980). Accordingly, this case must be remanded for a new trial.

## II. SPEEDY TRIAL

Pursuant to defense counsel's request and over defendant's objection, the court entered a plea of not guilty by reason of insanity at his arraignment on December 15, 1976, and ordered psychiatric reports to supplement previously existing reports which indicated that the defendant was competent to stand trial.

Reports by two psychiatrists were filed January 31 and February 2, 1977; the reports were in conflict as to the defendant's competency. Both psychiatrists noted a need to conduct further examinations. The court ordered supplemental reports from two additional psychiatrists to be filed by March 2, and set a sanity trial for April 6.

These psychiatrists did not file the required reports and the court ordered an extension until April 4. Another psychiatrist was appointed on March 15, but no report was received from any of the psychiatrists, and the sanity trial was vacated.

New defense counsel was appointed on April 7, and on April 21 a motion was filed requesting a report by still another psychiatrist to resolve the issue of defendant's competency. This report was filed on May 13, and the psychiatrist concluded that the defendant was incompetent to proceed.

Following a hearing on June 6, the court concluded that the defendant was competent to proceed and ordered a trial on the sanity issue. It also ordered defendant committed to the state hospital for further examination. Defense counsel then requested withdrawal of the insanity plea. On June 15, the court authorized withdrawal of the insanity plea and ordered a trial on the merits for July 20. On that date, defense counsel moved for dismissal, alleging a violation of his right to a speedy trial. The trial date was continued to September. From the period of September 21 to February 6, 1978, an interlocutory appeal was pursued in the Supreme Court, and denied. The defendant's trial commenced on March 13, 1978.

Defendant contends that the delay from the period of February 2, 1977, to April 21, 1977, may not be excluded in calculating the time for speedy trial because the defendant was not under observation, exami-

nation, or commitment. The doctors' reports which were ordered were never filed. Defendant also asserts that the period from April 21 to May 13 was not chargeable to him because he was attempting to end the delay by seeking a final medical report. Including these time periods, and relying upon § 18–1–405, C.R.S.1973 (1978 Repl. Vol. 8), and Crim.P. 48, the defendant contends that his speedy trial rights were violated because he was not brought to trial on the merits by July 20, 1977. We conclude that this contention lacks merit.

In *People v. Renfro*, 193 Colo. 131, 564 P.2d 411 (1977), our Supreme Court held that where, as here, the defendant pleads not guilty by reason of insanity, "the period from the time of commitment until the filing of the final psychiatric report, if filed within a reasonable time, is excludable for purposes of the six month period." From February 2 to April 21, defendant was confined in the county jail for the purposes of examination. Contrary to defendant's contention, we do not view *People v. Renfro, supra*, as requiring that the defendant be committed to an institution for examination before a reasonable time can be excluded from the speedy trial computation for the filing of psychiatric reports. Indeed, the applicable statute and rule referred to "observation or examination pursuant to a plea of not guilty by reason of insanity." *See* § 18–1–405(6)(a); Crim.P. 48(b)(6)(I). And, there is no dispute about the facts that the psychiatric evaluations were inconclusive and that additional evaluation was warranted. Nor does defendant contend that thirty days was not a reasonable time to complete the evaluation. Hence, at most defendant is only entitled to include the period from March 2 to April 21.

As to the period from April 21 to May 13, it is apparent that this delay must be charged to the defendant. It was his motion which the court granted for an additional psychiatric examination, and a report of that examination was filed on May 13. Thus, the plea of not guilty by reason of insanity having been entered on December 15, 1976, with the exception of the period from March 2 until April 21, the speedy trial time was suspended until the filing of the final psychiatric report on May 13, 1977. Hence, excluding this period, the trial on the merits originally scheduled for July 20 was scheduled within the six-months period required by § 18–1–405, C.R.S.1973 (1978 Repl. Vol. 8).

### III. FIRST DEGREE ARSON

■ Section 18–4–102, C.R.S.1973 (1978 Repl. Vol. 8), defines the crime of first degree arson as one in which a person knowingly sets fire to "any building or occupied structure of another without his consent . . ." Defendant contends that he cannot be guilty of first degree arson because he was a holdover tenant at the time of the fire. He points to § 18–4–101(4), C.R.S. 1973 (1978 Repl. Vol. 8), which specifies that: "If a building is divided into units for separate occupancy, any unit not occupied by the defendant is a 'building of another.'" He reasons that by virtue of this definition, the unit which he occupied could not be deemed the building of another. We reject this contention.

The definition referred to is not applicable here in that it seeks only to describe the status of the other occupied units. Conversely, where, as here, a tenant sets fire to a unit which he occupies, he also damages the property interests of the owner in that building. *Cf. People v. LeFebre*, 190 Colo. 307, 546 P.2d 952 (1976). Thus, he must be deemed to have committed first degree arson upon the building of another. *See Lipschitz v. People*, 25 Colo. 261, 53 P. 1111 (1898).

The judgment is reversed and the cause remanded for a new trial.

BERMAN and KELLY, JJ., concur.

### ON PETITION FOR REHEARING

The petitions for rehearing by the defendant and the People are denied.

The defendant contends that his speedy trial rights were violated *after* his motion to dismiss was denied and the July 20 trial date vacated. The defendant calculates

that by charging to the People the time from the trial court's receipt of the mandate on the interlocutory appeal to the date of the actual trial, the six months time period was exceeded. This contention lacks merit.

We recognize that when a trial court errs in denying a defendant's motion to dismiss for lack of a speedy trial, it lacks jurisdiction to proceed. *Hampton v. District Court*, Colo., 605 P.2d 54 (1980). However, in this case we have concluded that the trial court was correct in denying the defendant's motion. And, that motion was not renewed prior to the start of the actual trial in March of 1978. Hence, the defendant must be deemed to have waived his right to a speedy trial. *See Reliford v. People*, 195 Colo. 549, 579 P.2d 1145 (1978).

BERMAN, J., concurs.

KELLY, J., concurs in part and dissents in part.

KELLY, J., dissenting from the denial of defendant's petition for rehearing.

I respectfully dissent from the ruling of the majority on the defendant's petition for rehearing. I would grant the defendant's petition on the speedy trial issue, and remand to the trial court with directions that the defendant be discharged.

During the pendency of this appeal, the Supreme Court has twice stated that a trial court is "without jurisdiction" to try an accused person in violation of his speedy trial rights under § 18–1–405, C.R.S.1973 (1978 Repl. Vol. 8) or Crim.P. 48(b). *See Marquez v. District Court*, Colo., 613 P.2d 1302 (1980); *Hampton v. District Court*, Colo., 605 P.2d 54 (1980). Jurisdictional defects may be raised on appeal, *see People v. Hinchman*, 196 Colo. 526, 589 P.2d 917 (1978), *cert. denied sub nom., Hinchman v. Colorado*, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979); and, since jurisdiction may not be conferred by consent or waiver, *see Evans v. District Court*, 194 Colo. 299, 572 P.2d 811 (1977); *Sanchez v. Straight Creek Constructors*, 41 Colo.App. 19, 580 P.2d 827 (1978), the expiration of the speedy trial time in this case mandates the defendant's discharge.