2013 CO 24

**Steven ROBLES, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**Supreme Court Case No. 11SC333**

Supreme Court of Colorado.

April 8, 2013.

Attorneys for Petitioner: Richard A. Hostetler, Denver, Colorado.

Attorneys for Defendant–Respondent: John W. Suthers, Attorney General Joseph G. Michaels, Assistant Attorney General, Denver, Colorado.

JUSTICE EID delivered the Opinion of the Court.

¶ 1 We granted certiorari in this case, along with *Perez v. People*, 2013 CO 22, 302 P.3d 222, and *Rizo v. People*, 2013 CO 23, 302 P.3d 232, to determine whether a trial court may refer to prospective jurors by number, instead of by name, in open court as a matter of routine policy.[1]

---

1. Specifically, we granted certiorari on the following issue:

Whether the trial court violated petitioner's fundamental rights to a fair and public trial, to the presumption of innocence, and to equal protection, and violated long-standing federal case law, by arbitrarily ruling that the lawyers had to refer to the jurors by number rather

¶ 2 For the reasons discussed in *Perez*, 2013 CO 22, ¶¶ 14–19, 302 P.3d 222, we conclude that the trial court did not err, nor commit plain error, in referring to the prospective jurors by number, instead of name, when the jurors' identifying information was provided to the defendant. Thus, we affirm the court of appeals' judgment.

## I.

¶ 3 The victim in this case was found shot to death on the side of a road in Weld County. The Weld County District Attorney charged Steven Robles, her former boyfriend, with the following: (1) first-degree murder after deliberation, (2) first-degree felony murder, (3) second-degree kidnapping, (4) harassment by stalking, (5) second-degree sexual assault, and (6) crime of violence.

¶ 4 During pre-trial conference, the trial court alerted the parties to its policy of referring to prospective jurors by number instead of by name. Defense counsel did not object to the practice at any point. Before voir dire began, the potential jurors had already filled out questionnaires accompanied by instructions that explained, "Your answers will be treated discreetly and will be used only by the court and the parties involved in the trial of this case to select a qualified jury." The questionnaires included both the prospective jurors' names and juror numbers. The trial court reminded the prospective jurors before voir dire began that one copy of their questionnaires would be provided to the defendant and stated that the parties would review the answers on these documents.

¶ 5 When he began voir dire, the prosecutor made the following statements to the panel:

> And you now have me at a disadvantage because I don't know any of your names. I'm going to address you by juror number. It seems to me kind of a rude thing to do but that's how we do it, so I'm going to call you by number, so hopefully you'll know

your number. If not, I'll have to address you by seat—chair.

Several times throughout voir dire, defense counsel referred to the prospective jurors by name instead of by number, despite the trial court's instruction. In some of these instances, the jurors had not stated their name before defense counsel used it. The trial court instructed the jury on the presumption of innocence before allowing them to deliberate.[2]

¶ 6 The jury convicted Robles of first-degree felony murder, second-degree kidnapping, harassment by stalking, and crime of violence. The court sentenced Robles to life without the possibility of parole. The court of appeals affirmed his conviction and sentence in a published opinion. *People v. Robles*, No. 06CA0934, 302 P.3d 269, 2011 WL 1195773 (Colo.App. Mar. 31, 2011) (selected for official publication).

¶ 7 Because we find that this was not an anonymous jury and that Robles's right to a fair trial, including the presumption of innocence, was not undermined, we affirm the judgment of the court of appeals.

## II.

¶ 8 As we held in *Perez*, we decline to apply the federal anonymous jury test to cases such as this one, where the trial court provides the parties with prospective jurors' names and identifying information but refers to the jurors by number in open court. *Perez*, 2013 CO 22, ¶ 14, 302 P.3d 222. Instead, we assess Robles's claim for what it is—an assertion that the presumption of innocence was undermined by the court's use of numbers, instead of names, to refer to jurors. Since Robles did not preserve this issue for appeal, we review for plain error. *See Hagos v. People*, 2012 CO 63, ¶ 14, 288 P.3d 116, 120 ("We reverse under plain error review only if the error 'so undermined the fundamental fairness of the trial itself so as to cast serious

---

than name and by seating an anonymous jury without any justification other than the court's routine policy.

**2.** In part, Instruction No. 5 provided as follows: "Every person charged with a crime is presumed innocent. This presumption of innocence re-

mains with the defendant throughout the trial and should be given effect by you unless, after considering all of the evidence, you are then convinced that the defendant is guilty beyond a reasonable doubt."

doubt on the reliability of the judgment of conviction.' " (quoting *People v. Miller*, 113 P.3d 743, 748–50 (Colo.2005))).

¶ 9 For the reasons discussed in *Perez, id.* at ¶¶ 14–19, we conclude that the trial court did not err, nor commit plain error, in referring to the prospective jurors by number, instead of by name, when the jurors' identifying information was provided to the defendant.[3] The circumstances of this case differ in some respects from *Perez* and *Rizo*, the companion cases we decide today. In those cases, the trial court explained to the prospective jurors that it was the court's general policy to refer to prospective jurors by number, instead of by name. *See Perez*, 2013 CO 22, ¶ 7, 302 P.3d 222; *Rizo*, 2013 CO 23, ¶ 5, 302 P.3d 232. In both cases, the trial court offered an explanation of its practice—privacy in *Perez*, and administrative convenience in *Rizo*—that had nothing to do with the particular defendant, or his or her possible guilt or dangerousness. *Perez*, 2013 CO 22, ¶ 18, 302 P.3d 222; *Rizo*, 2013 CO 23, ¶ 9, 302 P.3d 232. In this case, by contrast, the court informed counsel of its practice of referring to prospective jurors by number, instead of by name, at a pre-trial conference. The trial court did not, however, raise the issue of how prospective jurors would be addressed during voir dire, and instead simply referred to them by number.

¶ 10 We do not believe this difference requires us to come to a different conclusion as to the trial court's practice. As in *Perez* and *Rizo*, there was no reason for the jurors in this case to infer anything about why they were being referenced by number, rather than by name; they would simply have understood it to be the general practice of the court. Therefore, there is no reason to believe that they inferred anything about Robles himself, or his possible guilt or dangerousness, from the practice. In addition, like *Perez* and *Rizo*, the prospective jurors' identifying information was provided to the defendant, and the juror questionnaire made it clear that the defendant would be receiving such information. *See Perez*, 2013 CO 22, ¶ 7, 302 P.3d 222; *Rizo*, 2013 CO 23, ¶ 5, 302 P.3d 232. And in this case, unlike in *Perez*

and *Rizo*, the trial court verbally reminded prospective jurors that their information would be provided to Robles. Because the trial court made it clear to prospective jurors that no identifying information was to be kept from Robles, no inference could be drawn that there was any need to withhold such information from him. *See Perez*, 2013 CO 22, ¶ 19, 302 P.3d 222; *Rizo*, 2013 CO 23, ¶ 9, 302 P.3d 232.

¶ 11 Robles points out that at the onset of voir dire, the prosecutor stated that he did not know the names of the prospective jurors, and that therefore he would refer to them by number. He went on to state, "It seems to me kind of a rude thing to do but that's how we do it, so I'm going to call you by number, so hopefully you'll know your number." The first part of the statement— that he did not know the jurors' names—is contradicted by the record in this case, which establishes that the juror information was shared with both Robles and the prosecution and that the court verbally reminded the prospective jurors of that fact. While the People do not offer an explanation of the prosecutor's comment in their arguments to us, it appears that the prosecutor was attempting to justify the fact that he was communicating with the jury in what he saw to be an impersonal manner. But again, the prosecution's comment did not suggest that the fact that jurors were being referenced by number had anything to do with Robles himself. In fact, the prosecutor simply confirmed that the practice was a general policy and "that's how we do it."

¶ 12 Moreover, on several occasions during voir dire, defense counsel referred to the prospective jurors by name instead of by number, despite the trial court's instruction. In some of these instances, the jurors had not stated their name before defense counsel used it. Given that defense counsel used names and numbers interchangeably to refer to jurors, there could be no suggestion that the general practice of using numbers instead of names was justified by anything other than administrative convenience. Finally, as in *Perez* and *Rizo*, the trial court instructed the jury on the presumption of

---

3. Because we find no error, we necessarily find   there was no structural error.

innocence prior to deliberations. *Perez,* 2013 CO 22, ¶ 7, 302 P.3d 222; *Rizo,* 2013 CO 23, ¶ 5, 302 P.3d 232.

¶ 13 In sum, there was no reason for jurors to infer that the court's practice was anything other than a general policy adopted for administrative convenience that had nothing to do with Robles, or his possible guilt or dangerousness. Finally, we reject Robles's public trial and equal protection claims. *See Perez,* 2013 CO 22, ¶ 20 n. 6, 302 P.3d 222. As Robles's right to a fair trial, including the presumption of innocence, was not undermined, the trial court committed no error, nor plain error, by referring to the jurors by number. · Although we find that the practice of referring to jurors by number, rather than by name, does not undermine the presumption of innocence, we note that the practice is subject to future rule or statutory development.

### III.

¶ 14 Because we conclude that this was not an anonymous jury and that Robles's right to a fair trial, including the presumption of innocence, was not undermined, we affirm the judgment of the court of appeals.

CHIEF JUSTICE BENDER dissents.

CHIEF JUSTICE BENDER, dissenting.

¶ 15 The majority, following its reasoning in *Perez v. People,* 2013 CO 22, 302 P.3d 222, holds that the accused's due process right to a fair trial, which includes the presumption of innocence, is not violated when jurors are selected anonymously. For the reasons articulated in my dissent to that case, I would hold that where a trial court, as here, selects jurors anonymously as a matter of routine practice without providing reasons specific to the case, the use of an anonymous jury undermines the accused's right to a fair trial. Hence, I respectfully dissent and would reverse Robles's conviction and remand for a new trial.