2013 CO 23

**Martha RIZO, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**Supreme Court Case No. 11SC375**

Supreme Court of Colorado.

April 8, 2013

JUSTICE EID delivered the Opinion of the Court.

¶ 1 We granted certiorari in this case, along with *Perez v. People*, 2013 CO 22, 302 P.3d 222, and *Robles v. People*, 2013 CO 24, 302 P.3d 229, to determine whether a trial court may refer to prospective jurors by number, instead of name, in open court as a matter of routine policy.[1]

¶ 2 For the reasons discussed in *Perez*, ¶¶ 14–19, we conclude that the trial court did not err, nor commit plain error, in referring to the prospective jurors by number, instead of by name, when the jurors' identifying information was provided to the defendant. Thus, we affirm the court of appeals' judgment.

## I.

¶ 3 The victim in this case called the police to report that her friend, Martha Rizo, and Rizo's boyfriend, Rene Perez, sexually assaulted her while the three were playing a drinking game. The Weld County District Attorney charged Rizo with sexual assault, pursuant to section 18–3–402(1)(a), C.R.S. (2012), and alleged a sentence enhancer, pursuant to section 18–3–402(5)(a)(I), C.R.S. (2012), because another person physically aided or abetted her in the assault. Perez was tried separately.[2]

¶ 4 During pre-trial conference, the trial court alerted the parties to its policy of referring to the jurors by number instead of by name. The court asked the parties to refer to jurors by their assigned three- or four-digit juror number when they were in the gallery and by their seat number when they were seated in the jury box. Defense counsel responded, "That's great, because I always have to have to [sic] apologize to the jury for butchering their names." Defense counsel did not object to the practice at any point.

¶ 5 During voir dire, the court explained its practice as follows:

Ladies and gentlemen, I will be referring to you by your seat number as opposed to your last name. As you can now see, my reporter types very quickly, and she is writing everything down that is said in court. It makes a much cleaner record if we refer to you by your seat number rather than your surname. It's not done out of disrespect or being discourteous to you, it is to make sure that the record is more clearly taken.

The potential jurors had already filled out a two-sided jury questionnaire that included their names and stated at the top, "This information will remain *confidential* and will be known only by the court and the parties to this case." The judge read the jurors' names, along with their corresponding seat number, aloud on the record outside the presence of the jury to ensure that both sides knew which juror occupied each seat. The parties also had access to documents that matched jurors' names with their three- or four-digit juror number. The trial court instructed the jury on the presumption of innocence before allowing them to deliberate.[3]

¶ 6 The jury convicted Rizo of sexual assault and found that the sentence enhancer applied. The court sentenced her to eighteen years to life in prison. The court of

---

1. Specifically, we granted certiorari on the following issue:

   Whether the trial court violated petitioner's fundamental rights to a fair and public trial, to the presumption of innocence, and to equal protection, and violated long-standing federal case law, by arbitrarily ruling that the lawyers had to refer to the jurors by number rather than name and by seating an anonymous jury without any justification other than the court's routine policy.

2. Perez's conviction is the subject of the appeal in a companion case we decide today. *See Perez v. People*, 2013 CO 22, 302 P.3d 222.

3. In part, Instruction No. 3 provided as follows: "Every person charged with a crime is presumed innocent. This presumption of innocence remains with the defendant throughout the trial and should be given effect by you unless, after considering all of the evidence, you are convinced that the defendant is guilty beyond a reasonable doubt."

appeals affirmed her conviction and sentence in a published opinion. *People v. Rizo*, No. 09CA1140, 302 P.3d 284, 2011 WL 1419653 (Colo.App. Apr. 14, 2011) (selected for official publication).

¶ 7 Because we find that this was not an anonymous jury and that Rizo's right to a fair trial, including the presumption of innocence, was not undermined, we affirm the judgment of the court of appeals.

## II.

¶ 8 As we held in *Perez*, we decline to apply the federal anonymous jury test to cases such as this one, where the trial court provides the parties with jurors' names and identifying information but refers to the jurors by number in open court. *Perez*, 2013 CO 22, ¶ 14, 302 P.3d 222. Instead, we assess Rizo's claim for what it is—an assertion that the presumption of innocence was undermined by the court's use of numbers, instead of names, to refer to jurors. Since Rizo did not preserve this issue for appeal,[4] we review for plain error. *See Hagos v. People*, 2012 CO 63, ¶ 14, 288 P.3d 116, 120 ("We reverse under plain error review only if the error 'so undermined the fundamental fairness of the trial itself so as to cast serious doubt on the reliability of the judgment of conviction.'" (quoting *People v. Miller*, 113 P.3d 743, 748–50 (Colo.2005))).

¶ 9 For the reasons discussed in *Perez*, *id.* at ¶¶ 14–19, we conclude that the trial court did not err, nor commit plain error, in referring to the prospective jurors by number, instead of name, when the jurors' identifying information was provided to the defendant.[5] As in *Perez*, the trial court here informed the juror panel that its general practice was to refer to them by number, rather than by name. *Id.* at ¶ 17. In both cases, the trial court offered an explanation of its practice that had nothing to do with this particular defendant, or her possible guilt or dangerousness. Whereas in *Perez* the rationale for the practice was juror privacy, *id.*, here it was administrative convenience, or, as the

trial court explained, to create a "cleaner record." As in *Perez*, the jurors' identifying information was provided to the defendant, and the juror questionnaire made it clear that the defendant would be receiving such information. *Id.* at ¶¶ 14, 19. Because there was no suggestion that information was being kept from Rizo, no inference could be drawn that there was any need to withhold jurors' information from her. *See id.* at ¶ 19. Finally, as in *Perez*, the trial court instructed the jury on the presumption of innocence prior to deliberations. *Id.*

¶ 10 In sum, there was no reason for jurors to infer that the court's practice was anything other than a general policy adopted for administrative convenience that had nothing to do with Rizo, or her possible guilt or dangerousness. As Rizo's right to a fair trial, including the presumption of innocence, was not undermined, the trial court committed no error, nor plain error, by referring to the jurors by number. We also reject Rizo's public trial and equal protection claims. *Id.* at ¶ 20 n. 6. Although we find that the practice of referring to jurors by number, rather than by name, does not undermine the presumption of innocence, we note that the practice is subject to future rule or statutory development.

## III.

¶ 11 Because we conclude that this was not an anonymous jury and that Rizo's right to a fair trial, including the presumption of innocence, was not undermined, we affirm the judgment of the court of appeals.

CHIEF JUSTICE BENDER dissents.

CHIEF JUSTICE BENDER, dissenting.

¶ 12 The majority, following its reasoning in *Perez v. People*, 2013 CO 22, 302 P.3d 222, holds that the accused's due process right to a fair trial, which includes the presumption of innocence, is not violated when jurors are selected anonymously. For the reasons articulated in my dissent to that case, I would

---

4. In fact, Rizo's counsel expressly approved of the practice on the ground that it was easier to call jurors by number, rather than by name.

5. Because we find no error, we necessarily find there was no structural error.

hold that where a trial court, as here, selects jurors anonymously as a matter of routine practice without providing reasons specific to the case, the use of an anonymous jury undermines the accused's right to a fair trial. Hence, I respectfully dissent and would reverse Rizo's conviction and remand for a new trial.