24CA0175 Peo v Sanchez 05-21-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0175
El Paso County District Court No. 21CR3803
Honorable Diana May, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Josue Fernando Sanchez,

Defendant-Appellant.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

Philip J. Weiser, Attorney General, Allison S. Block, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kristiana Perryman, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Josue Fernando Sanchez, appeals his convictions for two counts of second degree arson, one count of criminal mischief, and one count of possession of a controlled substance. For the following reasons, we affirm the judgment of conviction but remand the case so the trial court may correct the mittimus.

## I.    Background

¶ 2    Sanchez lived on the second floor of an apartment building and shared a stairwell hallway with a neighbor. In a video captured by the neighbor's security camera, Sanchez held a lighter to the hallway floor, staircase railing, and his doorway; rubbed the walls and railing with toilet paper; and wadded up and set fire to the toilet paper. Sanchez then went inside his apartment as the toilet paper burned on the hallway carpet and reemerged to again rub the walls. When the small fire went out, Sanchez kicked embers and ash down the stairs. The neighbor reported the incident to the police after watching the security camera footage.

¶ 3    Officers took Sanchez into custody. While searching him they found a bag of methamphetamine, a pipe, a lighter, and someone else's debit card. Sanchez admitted to setting the hallway fire and another fire inside his apartment, and he explained that he thought

rubbing the fire's ash on his body would alleviate his persistent itching. The police then returned to the apartment building to investigate. Inside Sanchez's apartment, they found evidence of several small fires: on a light fixture and its chains, on the bedroom and bathroom floor, and in holes in the wall and ceiling.

¶ 4    The People tried four charges to verdict: two counts of first degree arson, § 18-4-102(1)-(2), C.R.S. 2025, one count of criminal mischief, § 18-4-501(1), (4)(b), C.R.S. 2025, and one count of unlawful possession of a controlled substance, § 18-18-403.5(1), (2)(c), C.R.S. 2025. In addition to first degree arson, the trial court instructed the jury on the lesser included offense of second degree arson. The jury, having viewed the security camera footage and a video of Sanchez admitting to setting the fires, convicted him on two counts of second degree arson, criminal mischief, and unlawful possession of a controlled substance.

¶ 5    Sanchez argues on appeal that (1) the evidence was insufficient to find that he "burned" — as opposed to "scorched" — the property, precluding his conviction for second degree arson; (2) the trial court erred by denying his motion for a mistrial after the People displayed language from case law in a closing argument

2

PowerPoint slide; and (3) the mittimus contains several errors. We affirm the judgment of conviction but remand the case so the trial court may correct the mittimus.

## II. Sufficiency of the Evidence: Second Degree Arson

### A. Additional Background

¶ 6 Officers found fire damage on the hallway carpet, the apartment ceiling drywall, the apartment floor, and a plastic chain holding up a light fixture. At trial, the People's fire expert explained that "fire damage" includes "charring," "burning," "flaming combustion," "heat transfer," and "soot." The expert testified that the carpet, which melted, "was damaged by both heat and flaming combustion," and the drywall damage was consistent with, "an intentional hole [made] in the drywall with combustible material put inside it."

¶ 7 First degree arson requires a defendant to knowingly "set[] fire to" or "burn[]" any building or occupied structure of another. § 18-4-102(1). Second degree arson — the lesser included offense for which Sanchez was convicted — contains the same "set[] fire to" or "burn[]" requirement. § 18-4-103(1), C.R.S. 2025. The statute does not define either term, *see* § 18-4-101, C.R.S. 2025, so Sanchez

relies on *People v. LeFebre*, 546 P.2d 952, 955 (Colo. 1976), for the proposition that the terms "require more than a mere scorching or discoloration." "Burn," Sanchez maintains, means "to undergo alteration or destruction by the action of fire or heat," "to consume fuel and give off heat," and "to undergo combustion," whereas "scorch" means "to burn a surface so as to change its color" and "to dry or shrivel with or as if with intense heat."

¶ 8    Sanchez argues that the People did not present evidence sufficient to support a finding that he "burned" the hallway carpet and property within the apartment. Rather, the evidence merely shows that he "scorched" the property, and thus the People failed to meet their burden of proving every element of the offense beyond a reasonable doubt. We disagree.

### B.    Standard of Review

¶ 9    "[S]ufficiency of the evidence claims may be raised for the first time on appeal and are not subject to plain error review." *McCoy v. People*, 2019 CO 44, ¶ 27. Thus, we review the record in unpreserved sufficiency claims de novo to determine whether the evidence, "viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion

by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *People v. Harrison*, 2020 CO 57, ¶ 32 (citation omitted). However, we "may not serve as a thirteenth juror and consider whether [we] might have reached a different conclusion than the jury." *Id.* at ¶ 33.

### C.  Applicable Law and Analysis

¶ 10    A defendant is guilty of second degree arson when he "knowingly sets fire to, burns, causes to be burned, or by the use of any explosive damages or destroys . . . any property of another without his consent, other than a building or occupied structure." § 18-4-103(1). In *LeFebre*, the Colorado Supreme Court noted the lack of a statutory definition for "sets fire to" or "burns" and looked to other jurisdictions to conclude that the statute requires "more than a mere scorching or discoloration." 546 P.2d at 955. The court stated that other jurisdictions "require that the 'building' or 'structure' actually 'burn,' which is defined . . . *as ignition of or an alteration or destruction of the fiber or texture of the materials composing the 'building' or 'structure.'*" *Id.* (emphasis added). The court adopted this characterization of "burn" and added the caveat that the entire building or structure need not be completely

5

destroyed or "materially injured" so long as any part of the building or structure "is burned or set afire." *Id.* at 955-56.

¶ 11    *LeFebre* guides our analysis. At trial, the jury viewed video footage of Sanchez holding a lighter to several hallway fixtures, igniting a wad of toilet paper on the hallway carpet, and abandoning the small fire as it burned. The jury also watched a video of him in custody admitting to setting at least two fires, and it received photographs of carpet inside Sanchez's apartment that had been damaged by fire. Significantly, the evidence showed that the carpet in the hallway and the apartment had melted, thereby altering the carpet fibers. This was sufficient for the jury to reasonably conclude that Sanchez burned apartment property because the damage entailed "ignition of or alteration . . . of the fiber or texture of the materials composing the 'building.'" *Id.* at 955. Thus, the People met their burden of proving each element of the offense

beyond a reasonable doubt, and we will not disturb the jury's finding.[1] *See Harrison*, ¶ 32.

### III.  Motion for Mistrial

### A.  Additional Background

¶ 12     During closing argument, the People displayed a PowerPoint slide with a quote from *LeFebre*:

> The terms 'burn' or 'set fire to,' require an 'ignition of or an alteration or destruction of the fiber or texture of the materials composing the "building" or "structure,"' and not merely 'scorching or discoloration.' *See People v. LeFebre*, 546 P.2d 952 (Colo. 1976).

Defense counsel objected to the People displaying "a legal definition not included in the [jury] instructions" but added, "I'm certain [the People] can absolutely argue it, but I think there's a prejudicial effect of [the People] putting that up there with case citations . . . so I would ask for a mistrial."  The trial court declined to order a

---

[1] The jury declined to convict Sanchez of first degree arson, which requires the defendant to set fire to or burn "any *building* or occupied *structure* of another." § 18-4-102(1), C.R.S. 2025 (emphasis added).  Second degree arson, in contrast, requires the defendant to set fire to or burn "any *property of another . . . other than* a building or occupied structure." § 18-4-103(1), C.R.S. 2025 (emphasis added).

mistrial and instead instructed the jury to disregard the slide and not allow it to impact their deliberations. The prosecutor then said,

> [I]t's not that the information was incorrect. It's just that the only law that should govern your decision making is that which is contained in the jury instructions. But the fact that burning of a fiber constitutes burning of a building or an occupied structure is still accurate.

Defense counsel did not object to this statement, and the People resumed closing argument.

¶ 13    Sanchez argues on appeal that the trial court erred by denying his motion for a mistrial because the People's display of the quote deprived him of procedural safeguards on a disputed issue, diminished his credibility, and amounted to instructional error. We discern no error.

## B.    Standard of Review

¶ 14    "We review a district court's denial of a motion for a mistrial based on alleged prosecutorial misconduct for an abuse of discretion." *People v. Robles*, 302 P.3d 269, 279 (Colo. App. 2011), *aff'd*, 2013 CO 24. A court "abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law." *People v. Morse*, 2023 COA 27, ¶ 39. Even if the trial

court abuses its discretion, we will reverse only if the defendant establishes that he suffered prejudice. *Robles*, 302 P.3d at 274.

¶ 15 Here, defense counsel expressly conceded that the People could argue *LeFebre*'s definition in closing argument. Faced with this concession, the trial court's denial of Sanchez's motion for a mistrial — which was premised on the very language he acquiesced to — was not arbitrary, unreasonable, or unfair. *See People v. Babcock*, 2023 COA 49, ¶ 28 (concluding that it is improper for a defendant to take contradictory stances on the same issue), *aff'd*, 2025 CO 26. Additionally, the trial court directed the jury to disregard the PowerPoint slide, and we presume the jury followed this curative instruction. *See People v. Pernell*, 2014 COA 157, ¶ 44, *aff'd on other grounds*, 2018 CO 13. Finally, even if we were to conclude that the court abused its discretion, Sanchez cannot establish that he suffered prejudice from the error because, on appeal, he relies on the same language from *LeFebre* that he claims disadvantaged him at trial. *See Babcock*, ¶ 28; *see also Forgette v. People*, 2023 CO 4, ¶ 28 (a party waives an argument when he acts inconsistently with his assertion). Thus, the court acted within its discretion when denying Sanchez's motion for a mistrial.

9

## IV. Mittimus Correction

¶ 16 Finally, Sanchez argues — and the People concede — that there are several errors in the mittimus, but the parties disagree on the necessary amendments. Our review of the mittimus reveals that it accurately reflects Sanchez's conviction for unlawful possession of a controlled substance but erroneously lists second degree arson, fourth degree arson, and criminal mischief causing less than $300 in damage as main charges.

¶ 17 We remand so the trial court may amend the mittimus to reflect (1) two counts of first degree arson as main charges with the lesser included offense of second degree arson as the disposition for each count and (2) criminal mischief causing between $300 and $750 in damage as a main charge with a conviction for the lesser included offense of criminal mischief causing less than $300 in damage as count's the disposition. *See* Crim. P. 36; *People v. Wood*, 2019 CO 7, ¶ 39 (the proper remedy for clerical errors in the mittimus is to correct the error). Additionally, we instruct the trial court to omit count 7, which lists second degree arson as a standalone charge. *See Wood*, ¶ 39.

## V.  Disposition

¶ 18     The judgment is affirmed, and the case is remanded so the trial court may correct the mittimus.

JUDGE KUHN and JUDGE SULLIVAN concur.